Per Curiam.

Section 201 (subd. 2) of the Mental Hygiene Law defines a “narcotic addict” as a person who is at the time of his examination “ dependent upon ” a narcotic drug or who is “in imminent danger” of becoming dependent upon such a drug. The evidence adduced upon the hearing in this case — consisting of (1) admissions by the defendant; (2) a description of his physical condition; and (3) the testimony of the doctor who had examined him pursuant to section 207 of the Mental Hygiene Law — established beyond a reasonable doubt that the defendant was, in fact, then dependent upon heroin and, by reason thereof, an addict under the first portion of the definition of that term contained in section 201.
This being so, there was no need to present evidence that the defendant was, in the language of the statute, “ in imminent danger of becoming dependent upon” a drug or to charge the jury on that subject. Whether “ expert testimony ” bearing on a defendant’s mental or psychological condition is called for or required, in order to establish his addiction, necessarily depends upon the particular facts of each case. (Cf. People v. Medina, 32 A D 2d 969.)
The order appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Order affirmed.