ROBERT BASARICH et al., Plaintiffs-Appellants, v. RICHARD J. RODEGHERO et al., Defendants-Appellees.

(No. 73-253; 

Third District—December 31, 1974.

Kleiman, Cornfield & Feldman, of Chicago (Thomas W. Duda, of counsel), for appellants.

Sidley & Austin, of Chicago (Mark E. MacDonald, of counsel), for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The appeal before us arises from an order of the Circuit Court of Will County which dismissed the complaint of Robert Basarich, Clyde Odle, William Zimmer, individuals, and Richard Manley, on behalf of the membership of the Lockport Federation of Teachers, a voluntary association. The individual plaintiffs are coaches and teachers at Lockport High School, and plaintiff Lockport Federation of Teachers is a voluntary association (hereinafter called the Federation) which apparently represents a majority of the faculty members of Lockport High School.

The complaint charged defendants Richard J. Rodeghero and Karen Galaske with publishing newsletters which libeled plaintiffs and invaded their right to privacy, and asserted that the alleged motive was to discourage membership in the Federation which the individual plaintiffs presumably support. Plaintiffs sought damages and injunctive relief prohibiting further libelous publications. The motion to dismiss the complaint filed by defendants asserted that the allegations of the complaint were simply conclusions and not well pleaded; that on their face the alleged libelous statements showed that no cause of action could be stated; and that plaintiffs, as "public officials," had not alleged actual malice in accordance with the rule in *New York Times Co. v. Sullivan,* 376 U.S. 254, 11 L.Ed.2d 686, 84 S.Ct. 710 (1964), and the cases which followed the *New York Times* case.

The trial judge dismissed the complaint and gave plaintiffs leave to amend. After the amended complaint was filed, a new motion to dismiss was also allowed by the court. Plaintiffs requested further leave to amend but did not appear in court for the hearing on that request, and the motion of plaintiffs to amend was stricken. The fundamental issue presented by the parties is whether the *New York Times v. Sullivan* rule applies to plaintiffs so that they must allege malice in the complaint. The question also arises as to whether the complaint was sufficient under the *New York Times v. Sullivan* standard.

The rule in *New York Times v. Sullivan* concerning libel cases (376 U.S. 254, 279-280, 11 L.Ed.2d 686, 706):

"* * * prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not."

This rule, which restricts the scope of liability for defamation, was made by the United States Supreme Court after assertedly careful consideration of the delicate balance between freedom of the press and the individual's right to be protected from libelous publications. It was emphasized in the *New York Times* case that the background of a "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasant sharp attacks on government and public officials." (376 U.S. 254, 270, 11 L.Ed.2d 686, 701.) The rule was premised on the need to allow citizens to criticize their public officials without fear of reprisal or large damage suits for inadvertent misstatements, and on this issue the court specified the rule which requires that defendant's statement of facts would be required to

be shown to be "deliberate or reckless error" before the official could recover damages for libel. In the *New York Times* case, the court declined to specify the scope of the terms "public officials" and "official conduct." In *Rosenblatt v. Baer*, 383 U.S. 75, 15 L.Ed.2d 597, 86 S.Ct. 669 (1966), the Supreme Court found, however, that it was "clear, therefore, that the 'public official' designation applies at the least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs." 383 U.S. 75, 85-86, 15 L.Ed.2d 597, 605.

The United States Supreme Court subsequently extended the "actual malice" requirement to plaintiffs who were "public figures" (*Curtis Publishing Co. v. Butts*, 388 U.S. 130, 18 L.Ed.2d 1094, 87, S.Ct. 1975 (1967) (college football coach accused of fixing a game)), and those private individuals involved in "matters of public or general concern, without regard to whether persons involved are famous or anonymous" (*Rosenbloom v. Metromedia*, 403 U.S. 29, 43-44, 29 L.Ed.2d 296, 312, 91 S.Ct. 1811 (1971)). (But compare *Gertz v. Welch, Inc.*, — U.S. —, 41 L.Ed 2d 789, — S.Ct. — (1974), which appears to restrict the *Rosenbloom* precedent and give more latitude to the states in defining libel standards for certain private plaintiffs.) *Gertz* (which involved an attorney who was not a public official) is not applicable to the present case.

In the cause before us, the question, initially, is whether the plaintiffs as teachers and athletic coaches in the community high school, are "public officials" or "public figures," or involved in matters of general interest, so that statements made concerning their conduct in office or otherwise within the public interest fall under the conditional privilege noted in the case of *New York Times v. Sullivan*. We believe that the rule expressed in the *Times* case fully applies in the cause before us. Plaintiffs are public employees, hired by the school board and paid with public funds. As coaches and teachers in a local high school they maintain highly responsible positions in the community. As delineated in the 1970 Illinois Constitution, article X, section 1, it is clear that education is a prime governmental responsibility. Public school systems, their athletic programs, and those who run them are consistent subjects of intense public interest and substantial publicity. The Illinois courts have brought within the scope of the *Times* rule such people as doctors (*Farnsworth v. Tribune Co.*, 43 Ill.2d 286, 253 N.E.2d 456 (1969)), police officers (*Coursey v. Greater Niles Township Publishing Corp.*, 40 Ill.2d 257, 265, 239 N.E.2d 837 (1968)), and those who care for abnormal and mentally retarded children (*Doctors Convalescent Center, Inc. v. East Shore Newspapers, Inc.*, 104 Ill.App.2d 271, 276-77, 244 N.E.2d 373 (1968)). Public school teachers and coaches, and the conduct of such teachers and

coaches and their policies, are of as much concern to the community as are other "public officials" and "public figures."

■■■ Recent cases in other jurisdictions have applied the *New York Times v. Sullivan* rule to similar plaintiffs (*Gallman v. Carnes*, 254 Ark. 987, 497 S.W.2d 47 (1973) (assistant dean and professor at a law school), *Reaves v. Foster*, 200 So. 2d 453 (Miss. 1967) (school principal), and *Time, Inc. v. Johnston*, 448 F.2d 378 (4th Cir. 1971), and *Grayson v. Curtis Publishing Co.*, 72 Wash. 2d 999, 436 P.2d 756 (1967) (college basketball coaches)). As expressed in *Rosenblatt v. Baer*, 383 U.S. 75, 15 L.Ed.2d 597, 605, 86 S.Ct. 669, although society has a pervasive and strong interest in preventing and redressing attacks upon reputation, there is "first, a strong interest in debate on public issues, and, second, a strong interest in debate about those persons who are in a position significantly to influence the resolution of those issues." We have concluded, therefore, that it is clear that plaintiffs are within the *New York Times v. Sullivan* rule and that we need not remand the case, as plaintiffs suggest, for further evidence on that issue.

■■ Thus plaintiffs were required to allege, in their complaint, that defendants made the allegedly libelous statements either knowing them to be false or in reckless disregard of the truth. (*Arlington Heights National Bank v. Arlington Federal Savings & Loan Association*, 37 Ill.2d 546, 229 N.E.2d 514.) Plaintiffs contend that the complaint is sufficient because it alleges the maliciousness of the alleged libels, their falsity, and the fact that defendants were motivated by a desire to discourage memberships in the Federation. While these allegations might be sufficient to show malice in the common-law sense, *i.e.*, ill will, spite and intent to injure, they fall far short of alleging that defendants actually *knew* the statements to be false or that they published the statements in *"reckless disregard"* for the truth. A complaint very similar to the instant complaint was found wanting allegations of actual malice in *Suchomel v. Suburban Life Newspapers, Inc.*, 40 Ill.2d 32 (1968).

Plaintiffs point to *Coursey v. Greater Niles Township Publishing Corp.*, 40 Ill.2d 257, 239 N.E.2d 837 (1968), where inclusion of the phrase "with knowledge that it was false and with reckless disregard to whether it was false or not" was held sufficient to allege actual malice, where the statements involved on their face gave rise to factual inferences of knowledge of falsity or a reckless disregard for the truth. Plaintiffs promise to include these "magic words" in the complaint if given another chance to amend. The mere inclusion, however, of the so-called "magic words" would not alone be sufficient, without other allegations of fact or factual inferences arising from the face of the alleged libelous statements as in *Coursey* (see *Suchomel v. Suburban Life Newspapers*, 40 Ill.2d 32).

In the cause before us, plaintiffs failed to correct their complaint after defendants first raised the *New York Times v. Sullivan* issue in the court below, and after the amended complaint was found to be insufficient by the trial court. Thereafter, plaintiffs failed to appear in the court to be heard on their motion to further amend. Leave to amend is discretionary, and on the basis of the record before us we see no error in the trial court's decision to strike the motion to further amend when plaintiffs failed to appear or to establish a good reason why they should be given a third chance. It is argued by plaintiff that dismissal of the libel action gives court approval to the alleged efforts of defendants to interfere with plaintiffs' freedom of association. We do not so characterize the action of the court. Plaintiffs and their federation have no right to be free from comment and criticism regarding their activities in the school system any more than would any other person or organization involved as teachers or coaches or associations thereof in the school system. In effect, the *New York Times v. Sullivan* case, with a view to freedom to the media to publish without fear of successful actions for libel against them, concluded that unless the complainant would allege and prove actual malice or recklessness on the part of the publishing media, the complaint should be dismissed. Essentially, the *Times* case inhibits the use of the judicial system for the purpose of suppressing unfavorable statements made by others unless the requisite showing of malice is alleged and proved. By implication the court has indicated that the remedy of persons is to use the channels of public communication as did defendants here, to air their own views and rebut defendants' statements. This is the "robust public debate" which the *Times* case and subsequent cases have sought to protect.

■■ As to the issue of the request for injunctive relief, such "prior restraint" of discussion of public issues is looked upon with great disfavor by the courts. (*New York Times Co. v. United States,* 403 U.S. 761, 29 L.Ed.2d 822, 91 S.Ct. 2140 (1971); *Near v. Minnesota,* 283 U.S. 697, 75 L.Ed. 1357 (1931).) If plaintiffs had alleged, and at the trial could have proven, that there was actual malice on the part of defendants, the damage remedy would normally be sufficient. We find no basis for granting the equitable remedy of injunction.

■■ In summary, plaintiffs were required to plead actual malice, *i.e.,* knowledge of falsity or reckless disregard for the truth in the complaint. Since they failed to do so in two attempts with the original and the amended complaint and since they failed to appear in court to be heard on their motion to further amend, we cannot say, on review, that plaintiffs have not had their day in court. We, therefore, conclude that the

orders of the trial court striking plaintiffs' motion to amend and dismissing the amended complaint should be, and they are, accordingly, affirmed.

Affirmed.

SCOTT and DIXON, JJ., concur.