THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN HILL, Defendant-Appellant.

(No. 60290;

First District (4th Division)—May 14, 1975.

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Marvin Hill was found guilty of unlawful use of weapons and sentenced to a minimum of 1 and a maximum of 3 years in the penitentiary. He appeals from the trial court's denial of the motion to quash his arrest and suppress evidence. Hill also contends, in this appeal, that the trial court erred by failing to make findings of facts and conclusions of law upon which its judgment of conviction was based.

The following facts were presented at the hearing. Officer Lucio Bitoy, the first witness called by the defendant, testified that on February 25, 1973, at approximately 5:20 P.M., he and his partner received a call from the police communications center to investigate a disturbance at 4950 State Street in apartment 310. The officers proceeded to the address

where they observed the defendant trying to force his way into the apartment by pushing against the door. The officers entered the apartment after the defendant and were immediately told by Frank Gibson, an occupant, that the defendant did not reside there. Hill, dragging his leg, proceeded to the back of the apartment and was pursued by Officer Bitoy. When the officer caught the defendant, he was arrested and searched.

The next witness was Officer D. V. Carter who testified that he was working with Officer Bitoy on February 25, 1973, when they went to 4950 State Street to investigate a disturbance. The officers walked up the stairs to apartment 310 where they encountered the defendant in the vicinity of the apartment. After the defendant forced his way into the apartment, the officers entered behind him. Officer Carter asked the occupants, Messrs. Gibson and Henderson, if the defendant resided there and they answered, "No." The defendant started walking in the direction of the bedroom, but he was grabbed by the officer and arrested.

Marvin Hill was the last witness called at the hearing. Hill testified that earlier that day, around 3:20 P.M., he and Frank Gibson had a fight. Hill went up to the 11th floor, obtained a weapon, and while delivering it to a friend on the first floor, he encountered the police on the third floor in the vicinity of apartment 310. The officers pushed Hill into apartment 310 where he was identified by Frank Gibson and taken into custody.

The trial judge denied Hill's motions after the defendant was unable to produce a witness to corroborate his testimony. Thereafter, at the trial, defense counsel stipulated to the following facts: that the testimony of Officers Bitoy and Carter would be the same as at the hearing on the motion to quash the arrest and suppress evidence; that the officers arrested the defendant and the incident search resulted in the discovery of a shotgun with a barrel of less than 18 inches as charged in the indictment; and, finally, that defendant admitted having the weapon.

The defendant contends that the trial court erred in denying his motion to quash the arrest and suppress the evidence because the arresting officers had no reasonable grounds to believe that he was committing or had committed an offense. In considering the defendant's first contention, we must determine if the arrest was lawful, because if the arrest was lawful, the shotgun discovered during the incident search was properly admitted into evidence. In Illinois an arrest may be effectuated when an officer has reasonable grounds to believe that a person is committing or has committed an offense. (Ill. Rev. Stat. 1973, ch. 38, § 107—2(c).) The term offense, as used in section 107—2(c), includes both misdemeanors and felonies. (*People v. Townsel* (1970), 123 Ill.App.

2d 280, 260 N.E.2d 117; *People v. Barbour* (1969), 108 Ill.App.2d 334, 247 N.E.2d 634.) The reasonableness of an officer's actions is determined by examining the facts and circumstances of each case. (*People v. Wrona* (1972), 7 Ill.App.3d 1, 274 N.E.2d 918; *People v. Wright* (1971), 131 Ill.App.2d 243, 268 N.E.2d 442.) In *People v. Wrona* (1972), 7 Ill.App. 3d 1, 286 N.E.2d 918, this court, when reviewing a case in which a warrantless arrest was made, stated at page 4:

> "The existence of 'probable cause' justifying an arrest without a warrant, is determined by factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act."

■■ In the instant case, the officers received a call from the communications center to investigate a disturbance at 4950 State, and they responded to the call. Police officers on the beat have always been permitted to act on information received on the police radio. (*People v. Buck* (1968), 92 Ill.App.2d 16, 235 N.E.2d 837.) When the officers arrived at apartment 310, they observed the defendant trying to force his way in. The officers followed Hill into the apartment and effectuated the arrest after Gibson told them that the defendant did not reside there. The subsequent search, a reasonable intrusion under the fourth amendment when incident to a legal arrest, (*United States v. Robinson* (1973), 414 U.S. 218, 38 L.Ed.2d 427, 94 S.Ct. 467; *Gustafson v. Florida* (1973), 414 U.S. 260, 38 L.Ed.2d 456, 94 S.Ct. 488), which was the case here, resulted in the discovery of a weapon. We think the officers would have been remiss if they had not arrested the defendant, since the incident search resulted in the discovery of a shotgun with a barrel of less than 18 inches. Therefore, we hold, taking all the facts and circumstances into consideration, that the officers' conduct was reasonable.

■■ The defendant's second contention is that the court erred by failing to make findings of facts and conclusions of law. We disagree with this contention. The law imposes a duty on courts in granting or denying or denying motions to suppress evidence illegally seized to state findings of facts and conclusions of law upon which the order or judgment is based. (Ill. Rev. Stat. 1973, ch. 38, § 114—12(e).) However, we think, after closely scrutinizing the record, that the trial court substantially complied with section 114—12(e) of the Criminal Code.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER, P. J., and BURMAN, J., concur.