CLIFFORD H. WILSON, Plaintiff-Appellant, *v.* GERALD W. HUNK *et al.*, Defendants-Appellees.

Fourth District   No. 14300

Opinion filed August 31, 1977.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur (David A. Dvorak, of counsel), for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Mark E. Jackson, of counsel), for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals from the order of the trial court which dismissed his complaint with prejudice after oral argument upon defendant's motion to dismiss.

The complaint is in five counts. Counts I and II assert a liability of defendant, Hunk, for false arrest. Count III asserts a liability of the city for a false arrest by its officer, Hunk. Counts IV and V appear to assert a claim of slander by defendant, Hunk.

Each count alleges the date and place of the occurrence and plaintiff's place of residence and contains the following common allegations:

"3. That the Defendant, Gerald W. Hunk, was, and is now, a duly appointed officer and member of the police force of the City of Decatur, Macon County, Illinois, a municipal corporation, acting in his official capacity and in the pursuance of his official duties. 4. That in the evening of the date aforesaid, the Defendant, Gerald W. Hunk, came to the aforesaid place of residence of the Plaintiff in the company of another police officer, whose name is unknown to the Plaintiff at this time, and, without warrant, a judicial order or other authority of law, wrongfully and unlawfully arrested the Plaintiff in his home on the sole charge of pimping, a misdemeanor, and compelled Plaintiff against his will to go with the Defendant and the other officer to the police station in the City of Decatur,

Macon County, Illinois, and thereupon wrongfully and unlawfully imprisoned, confined and restrained the Plaintiff of his liberty against his will for a period of approximately eight hours in the City Jail of the City of Decatur, Macon County, Illinois.

5. That at the time of Plaintiff's arrest, Plaintiff was acting in a peaceful, quiet and law abiding manner in his home and had not committed, nor was he then committing, any offense."

Count I seeks compensatory damages. It alleges that Hunk was a police officer "acting in his official capacity in pursuance of his official duties" and alleges that such officer "unlawfully arrested the plaintiff on the sole charge of pimping, a misdemeanor * * *."

Defendant's motion to dismiss raised the issue of statutory immunity. Section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 2—202), provides:

"A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence."

The plaintiff argues that he had pleaded as a fact that Hunk was *not* engaged in the "enforcement of any law" and that it is not necessary that he plead that Hunk's conduct was willful and wanton. Such position is founded upon a premise that an arrest without a warrant is unlawful when the offense is not committed in the presence of the arresting officer. Thus, since the arrest was not lawful, the defendant, Hunk, was not engaged in the enforcement of any law within the terms of the immunity statute.

Plaintiff cites *Levin v. Costello* (1919), 214 Ill. App. 505. At that date the statute authorized an officer to arrest without a warrant " '* * * when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it.' * * *" 214 Ill. App. 505, 510.

The Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c)) provides that a peace officer may arrest when:

"He has reasonable grounds to believe that the person is committing or has committed an offense."

A misdemeanor is an "offense" for which arrest may be made without a warrant. *People v. Hill* (1975), 28 Ill. App. 3d 719, 329 N.E.2d 515.

■■ Thus, an allegation of an arrest without a warrant for a misdemeanor not committed in the presence of the officer is not a sufficient allegation of an illegal or unlawful arrest.

■■ The allegation that the officer made an arrest while acting in his official capacity and in pursuance of his official duties leads to an inference that he was engaged in the enforcement of the law and comes within the statutory immunity provided. The allegation of a wrongful and

unlawful arrest is a legal conclusion in the absence of allegation of fact sufficient to plead an unlawful arrest.

Plaintiff cites *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144, wherein the trial court struck certain negligence counts in an action by plaintiff who was hit by a police car. No issue of an arrest is present. In that complaint, plaintiff alleged that the officer in driving the car was "not in the execution or enforcement of the law." The reviewing court determined that upon such pleading it became an issue of fact whether the officer was actually engaged in the enforcement of law. In *Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243, a pedestrian was struck by the police car. At bench trial the court found as a fact that the officer was not engaged in law enforcement with the result that the immunity provided by statute did not become operative. Plaintiff also cites *Newell v. City of Elgin* (1976), 34 Ill. App. 3d 719, 340 N.E.2d 344. That pleading alleged specific and described acts of force used by police officers, and in that complaint the plaintiff directly alleged that he was never arrested and that he was never charged with an offense. In this pleading no facts alleged undermined the inference that an arrest made in the performance of official duties is in the "enforcement of any law."

In count II plaintiff seeks to recover compensatory and punitive damages against the defendant, Hunk. It contains the same allegations as those in count I, adding the following:

> "7. That in all of the wrongful acts above alleged the Defendants acted without probable cause and with malicious intent to arrest, oppress and injure the Plaintiff and/or with wanton and reckless disregard for the Plaintiff's rights."

As ascertained from the arguments made on count I, defendant's theory of the liability pleaded is that an arrest without a warrant for a misdemeanor not committed in the presence of the officer is *per se* unlawful. Count II does not purport to allege additional acts of the defendant nor is there an allegation of additional or further facts which permit the trial court to conclude that the alleged wrongful acts are of a different and more serious quality than the acts alleged in count I. The effect of paragraph 7 essentially is to add the characterizations, without probable cause, with malicious intent and wanton disregard of plaintiff's rights to the pleading in count I which plaintiff has argued does not plead willful and wanton conduct.

■■ Such manner of pleading does not meet the requirement that there must be a substantial averment of facts in a count which pleads willful and wanton conduct. We note the opinions in *Jamison v. City of Chicago* (1974), 25 Ill. App. 3d 326, 323 N.E.2d 118, *appeal denied*, 58 Ill. 2d 596, and *Jarvis v. Herrin City Park District* (1972), 6 Ill. App. 3d 516,

285 N.E.2d 564, *appeal denied*, 52 Ill. 2d 597. In *Jamison*, the complaint alleged that the police knew that an offender was dangerous and that the police had been repeatedly requested to take him into custody but willfully and wantonly refused to do so. The reviewing court reversed the trial court's denial of defendant's motion to dismiss, noting that the plaintiff argued facts which were not alleged as essential to pleading willful and wanton conduct, *i.e.*, that the offender had been brandishing a gun and had threatened and committed acts of violence upon individuals. The court held that there was a failure to plead facts which, if proven, would show to the court that defendant's acts were willful and wanton.

In *Jarvis*, plaintiff alleged that a child was injured on defendant's slide which defendant failed to maintain properly and which defendant failed to supervise with the characterization of "utter indifference and conscious disregard" for the safety of the child. The opinion determined that the plaintiff had failed to allege facts which, if proven, would show that the defendant did any act or failed to do any act with an utter indifference or conscious disregard for the safety of the child. Here, paragraph 7 in count II does not allege additional or other facts than those alleged in count I, but only adds the characterization of without probable cause, with actual malice or with reckless disregard for plaintiff's rights. No facts are alleged which, if proven, would show that defendant, Hunk, acted without probable cause or that he knew that there was no probable cause but proceeded despite such knowledge. We conclude that the count is without substantial averment of facts required to plead malicious or willful and wanton conduct by the defendant.

Count III prays compensatory damages from the city and re-alleges the matters alleged in count I. In *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144, the court considered the pleading of liability against the city for negligent acts of an officer in the performance of duty when not engaged in the enforcement of the law. The opinion noted that section 2—109 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 2—109), provides:

> "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."

As to such section, the court said:

> "Thus, a public entity, under the Act, is not liable for an injury except where its employee is liable; and, in the case of an act or omission in the execution or enforcement of any law, the employee is not liable unless his conduct is willful and wanton." 52 Ill. 2d 27, 31, 282 N.E.2d 144, 146.

That opinion determined that a party had no independent cause of action against the city where the conduct of the officer in the

performance of his duties was negligent. As we have determined that the allegations of count I failed to state a cause of action for willful and wanton acts of the officer, we conclude that the trial court properly dismissed count III directed against the city.

Counts IV and V undertake to allege slander in the language that defendant, Hunk:

> "* * * came to the aforesaid place of residence of the Plaintiff and there accused him of the crime of pimping in the presence of another police officer, and, later that same day, did again publicly say and accuse the Plaintiff of the crime of pimping at the police station of the City of Decatur in the City of Decatur, Macon County, Illinois in the presence of other persons."

Count IV prays compensatory damages upon an allegation that Hunk either knew the statements to be false or believing them to be true lacked reasonable grounds for that belief. In *Troman v. Wood* (1975), 62 Ill. 2d 184, 340 N.E.2d 292, the supreme court determined that a "private individual" whose activities did not bring that individual within the spectrum of First Amendment protection might recover for libel under a negligence standard. In *Irving v. J. L. Marsh, Inc.* (1977), 46 Ill. App. 3d 162, 360 N.E.2d 983, and the cases cited therein, it was determined that the same standards applied to both libel and slander.

Count V prays both compensatory and punitive damages alleging that the accusation pleaded in count I was false and maliciously made with ill will and hatred and intent to injure, or in the alternative, was made with wanton disregard of the rights of plaintiff.

■■ We find that each count purporting to allege slander is fatally defective in that the assertedly defamatory statement is alleged in the form of a conclusion that the defendant, Hunk, "accused him of the crime of pimping" in the presence of others. It has long been the rule that in an action for libel or slander the words alleged to be defamatory must be set forth with particularity. In *Brown v. Glickstein* (1952), 347 Ill. App. 486, 107 N.E.2d 267, it was held that an allegation of "divers false, malicious and scandalous statements" was a conclusion and failed to state a cause of action for slander for want of pleading the particular words used. It is held to be the rule that the language used must be read as a whole and the uttered or published words given their natural and obvious meaning for the allegedly libelous words must be read innocently if possible, and declared nonactionable as a matter of law. *Johnson v. Board of Junior College District No. 508* (1975), 31 Ill. App. 3d 270, 334 N.E.2d 442, *appeal denied*, 61 Ill. 2d 598; *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105.

Plaintiff's citation of *Troman v. Wood* does not answer this issue for in that case the complaint set forth the news article and the accompanying

picture as the particular publication which injured the plaintiff.

Section 103—1(h) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—1(b)), requires:

> "After an arrest without a warrant the person making the arrest shall inform the person arrested of the nature of the offense on which the arrest is based."

So far as can be ascertained from the complaint one may readily conclude that the alleged accusation of pimping was simply a statement of the charges for which the arrest was made.

■■ The conclusory allegations of count V concerning ill will, hatred, or wanton disregard of plaintiff's rights are not "magic words" which create a cause of action without allegations of fact or factual inferences arising from the face of the allegedly slanderous statements. (*Basarich v. Rodeghero* (1974), 24 Ill. App. 3d 889, 321 N.E.2d 739.) The trial court correctly determined that the complaint did not state a cause of action for slander.

The judgment of the trial court is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.