395 So.2d 759 (1981)
STATE of Louisiana
v.
Joseph DEFLEY, Jr.
No. 80-K-2253.
Supreme Court of Louisiana.
March 2, 1981.
*760 George M. Strickler, Jr., N. Ann Woolhandler, Michael G. Collins, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leander Perez, Jr., Dist. Atty., Frank Klein, Gilbert Andry, Asst. Dist. Attys., for plaintiff-respondent.
WATSON, Justice.[*]
A writ was granted to review the trial court's ruling that deceased public officials are entitled to the same protection from criminal defamation accorded private citizens.
Defendant, Joseph A. Defley, Jr., is charged with defamation contrary to LSA-R.S. 14:47. Affidavits specify that Defley violated Section 2 of the statute[1] by maliciously *761 referring to Ronald E. Duver, Sr., and L. M. Tinsley, both deceased, as drunkards at a public meeting.
Defley's counsel filed a motion to quash the charges. It was alleged that, since both had held public office, Duver as Plaquemines Parish School Supervisor and Tinsley as School Superintendent, the prosecution was unconstitutional. The trial court denied the motion.
The statement of William A. Roe recites that he was present at a public meeting in Belle Chasse, Louisiana, where the salary situation of public school teachers in the parish was discussed. During a question and answer period, Joseph Defley, Jr., began expounding about the faults of the public school system in Plaquemines Parish. He said that the "... Commission Council had attempted to close the public school system instead of intergrating (sic) it. Further, he stated that the Commission Council, in furtherance of that goal, had hired a `drunkard superintendant (sic)' ... to keep the schools down and `a drunkard supervisor to funnel books into the private schools.'" Robert Kent then said that Defley was out of line in talking about Ed Duver and L. M. Tinsley like that and there was some further heated discussion.
LSA-R.S. 14:47 is unconstitutional insofar as it punishes public expression about public officials. State v. Snyder, 277 So.2d 660 (La.1973); Garrison v. State of Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964); New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).
A school superintendent and a school supervisor would both be considered public officials under the standard of New York Times Company v. Sullivan, supra. Each position is such "... that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and performance of all government employees, ..." Rosenblatt v. Baer, 383 U.S. 75 at 86, 86 S.Ct. 669 at 676, 15 L.Ed.2d 597 at 606 (1966). See, for example, Basarich v. Rodeghero, 24 Ill.App.3d 889, 321 N.E.2d 739 (1974) and Kapiloff v. Dunn, 27 Md.App. 514, 343 A.2d 251 (1975), U.S. cert. denied 426 U.S. 907, 96 S.Ct. 2228, 48 L.Ed.2d 832.
The appellation of drunkard is not necessarily germane to official conduct, but personal character traits are relevant to fitness for office. Garrison v. State of Louisiana, supra; Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971). Moreover, the word was used here in reference to the job performance of the two officials.
The deceased have no opportunity to counteract false statements and are unable to rebut defamatory allegations. Their reputations, like those of private individuals, are thus vulnerable to injury. See Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). However, one who in life accepts the responsibilities of a public position has relinquished some of his protection from defamation. A candidate for public office is in the same category as a public official for defamation purposes. Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971). The conduct in office of a discharged official is also subject to free debate and attack. Rosenblatt v. Baer, supra; Hackworth v. Larson, 83 S.D. 674, 165 N.W.2d 705 (1969). Similarly, one who is no longer in public office by reason of death rather than discharge remains open under the constitutional guarantees of the First Amendment to the United States Constitution[2] to caustic and sharp comment concerning past conduct in office. Criticism of a deceased public official, although grievous to family and friends, is constitutionally protected. "The New York Times standard [for public officials] forbids the punishment of false statements, *762 unless made with knowledge of their falsity or in reckless disregard of whether they are true or false." State v. Snyder, supra, 277 So.2d 667. Even then, such statements may only be punished under a statute which lacks the constitutional infirmities of LSA-R.S. 14:47. State v. Snyder, supra.
The conduct of those who have held office remains in the public realm after the parties themselves have died. Therefore, prosecution under the statute is unconstitutional insofar as it relates to public expression about deceased public officials and their job performance. The judgment of the trial court denying defendant's motion to quash is reversed. Defendant Defley's motion to quash is granted and the matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[*] Judges Frederick Stephan Ellis, Luther F. Cole, and J. Louis Watkins, Jr., of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Watson and Lemmon.
[1] LSA-R.S. 14:47(2) provides:

"Defamation is the malicious publication or expression in any manner, to anyone other than the party defamed, of anything which tends: ...
"(2) To expose the memory of one deceased to hatred, contempt, or ridicule; ...."
[2] U.S.C.A.Const. Amend. 1 provides:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."