Vincent BRUCE, Plaintiff,

v.

**Walter PERKINS and the City of Chicago, Defendants.**

No. 88 C 4575.

United States District Court,
N.D. Illinois, E.D.

Dec. 22, 1988.

Kevin Rogers, Chicago, Ill., for plaintiff.

Judson H. Miner, Corp. Counsel, City of Chicago by Douglas McMillan, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff Vincent Bruce claims that Chicago police violated his constitutional rights when they improperly arrested him in April 1988. Pursuant to 42 U.S.C. § 1983, Bruce has filed suit against defendant Walter Perkins, one of the officers who arrested him. Bruce has also asserted two state law claims against Perkins: false arrest and brandishing a weapon without cause or provocation. Perkins has moved for summary judgment on all three claims. For the reasons stated herein, this court denies Perkins' motion with respect to the § 1983 claim, but grants the motion with respect to the state claims.

## FACTS

According to the complaint in this case, Bruce was sitting on the front porch of his

house on April 11, 1988, when two Chicago police officers approached him. One of the officers, Walter Perkins, drew and pointed his handgun at Bruce. Perkins ordered Bruce to assume certain positions. Bruce fully complied with these orders. Perkins also interrogated Bruce. After completing this interrogation, Perkins ordered Bruce to accompany him to his squad car. Based on Bruce's responses to his questions, Perkins entered information about Bruce into the mobile computer in the squad car. The computer indicated the existence of an outstanding arrest warrant for a man named Vincent Bruce. At that point, the officers handcuffed Bruce and transported him to a lock-up facility. The next day, a Cook County Circuit Court judge released Bruce. The judge determined that the man whom the police had arrested was not the same Vincent Bruce described in the arrest warrant.

## DISCUSSION

### I. *Section 1983 Claim*

■ Bruce seeks relief under § 1983 based on an assortment of alleged constitutional violations. The complaint alleges that Perkins, by wrongfully arresting Bruce, violated Bruce's rights under the Fourth, Eighth, and Fourteenth Amendments. The Eighth Amendment, however, does not provide a basis for a cause of action for improper arrest. Rather, the Eighth Amendment applies only to punishment inflicted after a formal adjudication of guilt. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Ingraham v. Wright,* 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 1412 n. 40, 51 L.Ed.2d 711 (1977). Furthermore, Bruce cannot successfully challenge his arrest on Fourteenth Amendment grounds if the arrest passes muster under the more stringent standard of the Fourth Amendment. *See McKinney v. George,* 726 F.2d 1183, 1187 (7th Cir.1984). Thus, in order to prevail on his § 1983 claim, Bruce must establish that his arrest constituted an unreasonable seizure in violation of the Fourth Amendment.

■ In the Seventh Circuit's view, a police officer acts reasonably if he arrests a person after determining that the person's name matches the name listed on an outstanding arrest warrant. Under these circumstances, the Court of Appeals has repeatedly ruled that a police officer does not incur § 1983 liability by arresting the wrong person. *See Brown v. Patterson,* 823 F.2d 167 (7th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 162, 98 L.Ed.2d 117 (1987); *Patton v. Przybylski,* 822 F.2d 697 (7th Cir.1987); *Johnson v. Miller,* 680 F.2d 39 (7th Cir.1982). Perkins argues that the *Johnson–Patton–Brown* trilogy precludes Bruce from obtaining relief under § 1983. This court disagrees. In contrast to the police conduct described in *Johnson, Patton,* and *Brown,* the officers in the instant case may have effected an arrest before they linked the suspect's name to an arrest warrant. In determining whether an arrest has occurred, the courts typically examine "all of the surrounding circumstances including the extent that freedom of movement is curtailed and the degree and type of force or authority used to effectuate the stop." *United States v. Harrington,* 636 F.2d 1182, 1186 (9th Cir.1980). According to Bruce's complaint, Perkins had his gun drawn throughout his interrogation of Bruce. Moreover, even before he learned about the arrest warrant, Perkins was giving Bruce orders that effectively restricted Bruce's freedom of movement. Perkins may claim that he was merely conducting an investigative stop until he found out about the warrant. In considering Perkins' motion for summary judgment, however, this court must draw all justifiable inferences in Bruce's favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The facts alleged in Bruce's complaint permit an inference that Perkins made an arrest before the warrant came to his attention. This inference prevents the court from entering summary judgment on the basis of the Seventh Circuit cases cited by Perkins.

■ Perkins baldly asserts that even if he improperly arrested Bruce before learning about the warrant, his subsequent dis-

covery of the warrant somehow purged the arrest of any taint. This argument is preposterous; the Fourth Amendment does not countenance such post hoc rationalization. Unless Perkins had some reasonable basis for his actions at the moment he arrested Bruce, the arrest violated Bruce's Fourth Amendment rights. If Bruce can establish that an arrest took place before Perkins knew of the warrant, and if Perkins can offer no reasonable justification for this arrest, then Bruce is entitled to relief under § 1983. For this reason, the court denies Perkins' motion for summary judgment with respect to Bruce's § 1983 claim.

## II. *State Claims*

 Bruce's complaint against Perkins also asserts two state law claims: false arrest and brandishing a weapon without cause or provocation. Perkins allegedly committed these tortious acts while performing his official duties as a law enforcement officer. Therefore, Illinois law immunizes Perkins from liability unless his acts constituted willful and wanton conduct. *See* Ill.Rev.Stat. ch. 85, para. 2–202 (1987). To state a claim based on willful and wanton conduct, Bruce's complaint must include a substantial averment of facts "which, if proven, would show that [Perkins] acted without probable cause or that he knew that there was no probable cause but proceeded despite such knowledge." *Wilson v. Hunk*, 51 Ill.App.3d 1030, 1034, 10 Ill.Dec. 90, 94, 367 N.E.2d 478, 482 (1977). Bruce's conclusory pleadings fail to satisfy this requirement. His complaint does not allege sufficient facts to justify the conclusion that Perkins engaged in willful and wanton conduct. Consequently, the court grants Perkins' motion for summary judgment with respect to Bruce's state claims.

## CONCLUSION

For the foregoing reasons, this court denies Perkins' motion for summary judgment on Bruce's § 1983 claim. The court grants Perkins' motion for summary judgment as to Bruce's state law claims.

IT IS SO ORDERED.