# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30536

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2015

Lyle W. Cayce
Clerk

ROYCE DENTON MCLIN,

Plaintiff-Appellee,

v.

JASON GERALD ARD, In His Capacity as Sheriff of Livingston Parish;
BENJAMIN THOMAS BALLARD, LPSO Detective; JACK R. ALFORD, JR.,
LPSO Detective; STAN CARPENTER, LPSO Major; BRIAN P. SMITH,
LPSO Lieutenant Colonel; BONITA G. SAGER, LPSO Detective; WILLIAM
DORSEY, also known as Willie,

Defendants-Appellants.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-538

Before STEWART, Chief Judge, and SOUTHWICK and COSTA, Circuit
Judges.

PER CURIAM:*

Plaintiff-Appellee filed suit pursuant to 42 U.S.C. §§ 1983 and 1988
against Defendants-Appellants alleging violations of his First, Fourth, Fifth,
and Fourteenth Amendment constitutional rights. The district court granted
Defendants-Appellants' motions to dismiss on grounds of qualified immunity

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-30536

each of Plaintiff-Appellee's claims except his Fourth Amendment claim of unlawful search and seizure. Defendants-Appellants filed this appeal. For the following reasons, we remand for further proceedings consistent with this opinion.

## I. FACTUAL & PROCEDURAL BACKGROUND

According to Plaintiff-Appellee Royce Denton McLin ("McLin"), on April 20, 2012, Livingston Parish council member Chance Parent filed a report with the Livingston Parish Sheriff's Office ("LPSO") alleging that someone had anonymously posted negative comments on Facebook about Parent and two other council members, James Norred and Cynthia Wale. After Parent's complaint was filed, LPSO Detective Benjamin Ballard ("Det. Ballard") obtained a *subpoena duces tecum* for records from Facebook and Charter Communications. The documents obtained from these companies indicated that there was a link between the account used to post the anonymous comments and McLin's home address. Det. Ballard then obtained a search warrant to search McLin's home. Pursuant to the warrant, Det. Ballard and LPSO Det. Jack Alford searched McLin's home and seized various computers and electronic devices, including a gaming console, and sent the items to the Louisiana State Police Department ("LAPD") for forensic analysis. The LAPD's analysis concluded that the anonymous posts originated from one of the computers that had been seized from McLin's home.

A few months later, on August 16, 2012, several detectives from the LPSO including Dets. Ballard and Alford met with council members Parent, Norred and Wale, who swore out criminal complaints resulting in the issuance of a misdemeanor summons charging McLin with three counts of violating La. R.S. § 14:47, which is Louisiana's criminal defamation statute. LA. REV. STAT.

§ 14:47.[1] When McLin learned of the summons and the charges, he voluntarily surrendered to the LPSO. Four months later, on December 19, 2012, the misdemeanor charges were dismissed by the Livingston Parish District Attorney's Office.

In August 2013, after the charges were dismissed against him, McLin filed suit in federal court against council members Parent, Norred, and Wale (collectively, "Council Member Defendants"), as well as Livingston Parish Sheriff Jason Ard, and LPSO Dets. Ballard, Alford, Stan Carpenter, Brian Smith, Bonita Sager, and William Dorsey (collectively, "LPSO Defendants"). McLin's complaint was filed pursuant to 42 U.S.C. §§ 1983 and 1988 and alleged violations of his First, Fourth, Fifth and Fourteenth Amendment constitutional rights.[2] U.S. CONST. amends. I, IV, V, XIV.

The district judge granted in full Council Member Defendants' motion to dismiss McLin's claims against them. McLin does not appeal that judgment. The district court also granted LPSO Defendants' motion to dismiss McLin's claims against them alleging violations of his First, Fifth, and Fourteenth Amendment rights, and his Fourth Amendment right against unlawful seizure as it pertained to McLin's misdemeanor summons. McLin does not appeal that part of the district court's judgment. The district court denied, however, LPSO

---

[1] La. R.S. § 14:47 provides in part:

> Defamation is the malicious publication or expression in any manner, to anyone other than the party defamed, of anything which tends:
> (1) To expose any person to hatred, contempt, or ridicule, or to deprive him of the benefit of public confidence or social intercourse; or
> (2) To expose the memory of one deceased to hatred, contempt, or ridicule; or
> (3) To injure any person, corporation, or association of persons in his or their business or occupation.

[2] McLin also brought in this action pendent state law claims arising under Louisiana Civil Code articles 2315–17 and 2320. *See* LA. CIV. CODE arts. 2315–17; 2320. Those claims are not at issue in this appeal.

No. 14-30536

Defendants' motion to dismiss McLin's claim that they violated his Fourth Amendment right against the unlawful search of his home and seizure of his property. In its written ruling, the district court concluded that LPSO Defendants' qualified immunity defense failed because their search of McLin's home was not "objectively reasonable" since it was based on a warrant issued pursuant to a non-crime, *i.e.*, criminal defamation of a public official. *See State v. Defley*, 395 So. 2d 759, 761 (La. 1981) (holding that La. R.S. § 14:47 "is unconstitutional insofar as it punishes public expression about public officials." (citations omitted)).

LPSO Defendants appeal the part of the district court's judgment denying their motion to dismiss on grounds of qualified immunity.

## II. DISCUSSION

The sole issue on appeal is whether the district court erred in denying LPSO Defendants' motion to dismiss McLin's § 1983 claim stemming from the alleged violation of his Fourth Amendment right against the unlawful search of his home and seizure of his property.[3] LPSO Defendants assert two primary arguments on appeal. First, they contend that McLin failed to plead sufficient facts in his complaint to state a claim for relief under 42 U.S.C. § 1983 because his complaint does not allege that the search warrant was issued pursuant to La. R.S. § 14:47, but instead, it only states that his misdemeanor summons was issued pursuant to La. R.S. § 14:47. Second, LPSO Defendants argue that, even assuming the search warrant was based on La. R.S. § 14:47, they are nevertheless entitled to qualified immunity because their actions were objectively reasonable since the search of McLin's home was conducted

---

[3] McLin also argued before the district court that his Fourth Amendment right against unlawful seizure was violated when he was issued the misdemeanor summons. In that context, he argued that the issuance of the summons was tantamount to an unlawful seizure because the summons was no different than an arrest. The district court rejected that argument and McLin does not appeal that part of the judgment.

4

pursuant to a warrant.  For the reasons stated, we do not address the second argument.

A. *Standard of Review*

"We have jurisdiction under 28 U.S.C. § 1291 to review the district court's denials of qualified immunity." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 193–94 (5th Cir. 2009) (citation omitted). "The denial of a motion to dismiss predicated on a defense of qualified immunity is a collateral order capable of immediate review."  *Id.* at 194 (citation omitted).  Appellate jurisdiction, however, is very limited: "we are restricted to determinations 'of question[s] of law' and 'legal issues,' and we do not consider 'the correctness of the plaintiff's version of the facts.'" *Id.* (citations omitted).  "We must accept all well-pleaded facts as true, draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party." *Id.* (citation omitted). To avoid dismissal, plaintiffs must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

B. *Analysis*

We agree with LPSO Defendants' first argument that "nowhere in [McLin's] complaint is it alleged that the search warrant sought evidence of a violation of [La. R.S. § 14:47]."  Page 2, Paragraph 3 of McLin's complaint states: "On or about August 16, 2012, Plaintiff Royce Denton McLin was issued a Misdemeanor Summons alleging Plaintiff was guilty on three (3) counts of having violated La. R.S. § 14:47, Criminal Defamation."  Paragraph 4, which immediately follows, states: "Plaintiff's Summons with its incorporated charges was based upon three (3) facially-invalid arrest warrants maliciously concocted through the individual and concerted efforts of each and every party defendant."  The complaint then goes on to describe the legal history of the

statute's unconstitutionality as it applies to public speech against public officials.

Although McLin's complaint does mention a misdemeanor summons and an *arrest* warrant, it fails to reference the *search* warrant. McLin's § 1983 claim that his Fourth Amendment right against unconstitutional search was violated could not prevail on allegations merely referencing an arrest warrant. Accordingly, we hold that the complaint fails to adequately plead "enough facts to state a claim for relief that is plausible on its face," *see Twombly*, 550 U.S. at 547, and we remand for the district court to afford McLin an opportunity to amend his complaint.[4]

In light of this conclusion, we pretermit discussion of LPSO Defendants' second argument that, assuming the warrant was issued pursuant to La. R.S. § 14:47, they were nevertheless entitled to qualified immunity.

### III. CONCLUSION

We REMAND for further proceedings consistent with this opinion.

---

[4] We note that McLin never sought leave to amend his complaint below because the district court appears to have found the complaint sufficient on its face to state a plausible claim for relief. Because we hold that the district court committed error in this regard, we conclude that McLin is entitled to an opportunity to cure his complaint on remand. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that pursuant to Fed. R. Civ. P. 15, leave to amend "shall be freely given when justice so requires").