90 So.2d 129 (1956)
W.A. WHITE, Appellant,
v.
Leonard L. FLETCHER, Appellee.
Supreme Court of Florida. Division B.
October 24, 1956.
*130 Harris L. Kimball, of the office of J. Russell Hornsby, Orlando, for appellant.
M.W. Wells of Maguire, Voorhis & Wells, Orlando, for appellee.
O'CONNELL, Justice.
The appellant, W.A. White, plaintiff below, was a police officer for the City of Orlando. In July, 1953, much public attention was focused on White, who was a witness in the prosecution of a prostitute in whose activities he was allegedly involved. The Orange County Ministerial Association wrote a letter to the Chairman of the Civil Service Board and the Mayor demanded publicly that an investigation be made. Newspaper articles concerning the matter appeared.
On August 4, 1953, in a newspaper article entitled "City Police Chief Lax, Official Says," there appeared this statement: "The Board Chairman said his personal investigation convinced him the man `is not fit to be a police officer.'" Leonard L. Fletcher, the defendant below and appellee here, who was the chairman of Civil Service Board, made this statement to a newspaper reporter, Paul Thompson, about the plaintiff, W.A. White.
On August 6, 1953, White filed his complaint, charging Fletcher with libel. The defendant answered that the statement was true, was published for good motive, and that defendant's statement was privileged by virtue of the fact that he was a member of the Civil Service Board and felt duty bound to express the sentiments of his office to the public. The answer was filed on January 2, 1954. No other pleading directed to the issue was filed but the plaintiff maintains that a Motion for Summary Judgment (filed by him on November 23, 1954) was itself a pleading directed to the issue. On November 23, 1954, plaintiff filed demand for trial by jury; such demand was denied. Defendant made an oral motion for summary judgment.
On January 6, 1955, the court entered its Final Summary Judgment for defendant, expressing the opinion, upon the pleadings and a deposition, that the publication was *131 privileged and that no evidence of express malice existed. We agree.
It appears from the record that in the first instance Fletcher's comment might well constitute merely an "opinion or inference from facts assumed to be true" and be, therefore, immune from liability for defamation. 53 C.J.S., Libel and Slander, § 131(3). Plaintiff's case fails to prove any lack of good motive.
As expressed by Mr. Justice Terrell in Kennett v. Barber, 159 Fla. 81, 31 So.2d 44, 46, this Court held:
"We think the rule is now generally accepted that any one who seeks public employment or public office or who makes his living by dealing with the public or otherwise seeks public patronage, submits his private character to the scrutiny of those whose patronage he implores, and that they may determine whether it squares with such a standard of integrity and correct morals as warrants their approval." (Emphasis added.)
The uniformed policeman, therefore, was certainly subject to fair comment and criticism from any member of the public of the City of Orlando. The generally accepted rule is that "public officials" or "public men" are subject to such fair comment. Cason v. Baskin, 159 Fla. 31, 30 So.2d 635. This Court has said a person whose duty it is to perform agency for the State is a "public officer", and that a person in the service of the government who derives his position from duly authorized election or appointment is a public officer. State ex rel. Clyatt v. Hocker, 39 Fla. 477, 22 So. 721. There could be little doubt that a policeman, then, is a "public officer".
The plaintiff could well contend that words which impute conduct incompatible with proper exercise of one's lawful business or office are actionable per se, Campbell v. Jacksonville Kennel Club, Fla., 66 So.2d 495, Adams v. News-Journal Corporation, Fla., 84 So.2d 549, or that "when a matter which otherwise would be qualifiedly privileged communication is published falsely, fraudulently and with express malice * * * the communication loses its qualifiedly privileged character". Loeb v. Geronemus, Fla., 66 So.2d 241, 244. The same case says further, however, that "the malice which vitiates a qualified privilege must be actual and not merely inferred from falsity etc." In Leonard v. Wilson, 150 Fla. 503, 8 So.2d 12, it was said that if a communication was privileged, the presumption is that it was made without malice. Plaintiff fails to prove express malice and consequently fails to overcome the presumption. He reasoned that defendant spoke as an individual and not for the board (which had not yet officially called plaintiff before it for an investigation nor had yet convened on the matter), and that therefore defendant had usurped his authority and that he had refused to put the matter up to vote. The evidence in fact shows that Fletcher actually called for an investigation. The fact that he was a member of the Board of Civil Service certainly gives added weight to his contention of lack of malice; as a member of the board he would have felt more keenly the duty to speak than would an ordinary citizen. The record nowhere shows evidence of malice; rather, it indicates lack of malice. Evidence of "general suspicion and belief of the truth of the published charges * * * is admissible, as pertinent to the question of express malice." Montgomery v. Knox, 23 Fla. 595, 3 So. 211, 212; Coogler v. Rhodes, 38 Fla. 240, 21 So. 109.
The plaintiff contends that a Motion for Summary Judgment is a pleading directed to the issues. "The purpose of pleadings is to present, define, and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial." 71 C.J.S., Pleading, § 1. A motion for summary judgment necessarily proceeds upon the theory that the legal issues are fully settled by the pleadings, and *132 there exists no genuine dispute as to a material fact. Not having asked for jury trial as required by the rules, the plaintiff waived such right. The filing of the motion for summary judgment did not revive his right to request jury trial. The trial judge did not abuse his discretion in denying the tardy request for trial by jury.
Even if this were not the case, the plaintiff can not complain that he was denied a jury trial. He made a motion for summary judgment in which he stated that there was no material issue of fact and that the case should be decided by the court alone. The effect of this motion was to waive his right to jury trial, had such right still been available to him. Dezen v. Slatcoff, Fla., 65 So.2d 484.
For the reasons stated herein the judgment appealed from is affirmed.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.