429 So.2d 715 (1983)
Joseph J. NODAR, Appellant,
v.
Patricia GALBREATH, Appellee.
No. 82-721.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
Rehearing Denied April 25, 1983.
*716 Michael E. Rehr and James Cary Jacobson of Jacobson & Gottlieb, Hollywood, for appellant.
Ronald P. Gossett of Hodges, Gossett, McDonald & Gossett, P.A., Hollywood, for appellee.
BERANEK, Judge.
This is an appeal in a slander suit in which the jury found defendant liable for $5,000 in compensatory damages and $5,000 in punitive damages. Seven points are raised on appeal, four of which merit discussion. We have reviewed the excellent briefs submitted by the parties and the record and we affirm the judgment.
No substantial dispute exists as to the facts. Plaintiff is an English teacher in the Broward County public high school system. Defendant's son was a student in plaintiff's English class and received a "B" in the course. Defendant and his wife were extremely unhappy about the grade. They contacted the teacher (plaintiff), the principal, the school superintendent, and the governor on several different occasions. Strong complaints were voiced as to the boy's teacher. At his father's suggestion the boy began keeping a detailed log of the teacher's activities. The situation escalated into a rather bitter controversy and although the facts are subject to different interpretations the defendant's conduct in this regard was a sufficient basis upon which the jury would have been justified in finding malice on defendant's part. Defendant finally appeared before the school board and made comments which were extremely critical of plaintiff.
Plaintiff sued alleging that defendant slandered her by the particular statements made at the school board meeting. Defendant asserted the defense of qualified privilege and an absence of malice. The main issues at trial were whether the statements were opinion or fact; whether the statements were defamatory; whether defendant had a qualified privilege; and if so, whether the defendant was guilty of malice. It was determined by the jury that the statements were matters of fact which were slanderous. The qualified privilege was found applicable but the jury concluded that defendant exceeded the privilege because he made the statements with malice.
Defendant's first argument on appeal is that the plaintiff was a "public official" within the rationale of New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 579 (1966). Defendant urges error by the trial court in failing to declare plaintiff a public official subject to the privilege of fair comment by defendant as a citizen.[1] *717 We refrain from deciding the issue of plaintiff's status as a public official since the matter is not essential or relevant to a decision in this case. This case was tried and decided on the basis of defendant's having a qualified privilege to make the statements he did. A broad definition of this qualified privilege is outlined in Lewis v. Evans, 406 So.2d 489 (Fla. 2d DCA 1981). In that decision, the Second District Court of Appeal stated at 492:
In Florida, a statement made by one having an interest or duty in the subject matter thereof, to another person having a corresponding interest or duty therein, is conditionally privileged, even though the statement may be false and otherwise actionable. Axelrod v. Califano, 357 So.2d 1048, 1051 (Fla. 1st DCA 1978). The nature of the duty or interest may be public, personal or private, either legal, judicial, political, moral, or social. It need not be one having the force of a legal obligation; it may be one of imperfect obligation. The interest may arise out of the relationship or status of the parties. Leonard v. Wilson, 150 Fla. 503, 8 So.2d 12 (1942). It is called a qualified or conditional privilege, because the libelous statement must be made in good faith, that is, with a good motive, and not for the purpose of harming the subject of the defamation. Drennen v. Washington Electric Corp. 328 So.2d 52, 55 (Fla. 1st DCA 1976).
This qualified privilege is not based upon the citizen's right to criticize the actions of public officials in their public capacities. It is, quite simply, the qualified privilege which a parent has to speak publicly before the school board regarding the teachers who instruct his or her children. Should there be any doubt, we have no hesitancy in holding that a parent has a qualified privilege to make statements imputing inefficiency or lack of competency to a public school teacher when such statements are made within the established procedures of the public school system itself. If the statements are untrue and made with actual or express malice, then the privilege is destroyed. This was the theory upon which the jury was instructed in the instant case. Defendant was not prejudiced by the court's refusal to declare the plaintiff school teacher a public official, a determination which would have required plaintiff to prove malice, as defendant still had the protection of the qualified privilege which required the same showing of malice. Obviously, defendant was not speaking as a citizen critic of official misconduct and it would have been unrealistic to characterize the privilege as such. Defendant was, instead, speaking to the superiors of the teacher of his child about whom he had complaints. He had the privilege to make these statements with the proviso that they were true and made without malicious intent. The jury answered specific questions in this regard and concluded that a qualified privilege did exist but that the defendant's statements were untrue and uttered with actual malice. We thus conclude that error did not occur as urged in defendant's initial point on appeal. There was simply no need to find a "public official privilege" since defendant already had an "interested parent privilege."
We now address defendant's next two points concerning the defamatory statements.[2] Defendant contends initially *718 that the trial court erred in failing to determine that the alleged defamatory statements were nonactionable opinions rather than statements of fact. In conjunction with this, defendant argues that the trial court compounded its error by allowing the jury to decide whether the statements were fact or opinion. Certainly, adequate precedent exists for the proposition that courts, and not juries, make this determination. See From v. Tallahassee Democrat, Inc., 400 So.2d 52 (Fla. 1st DCA 1981). Indeed, the From decision and others point out that an appellate court may make the determination of opinion versus fact on review. We thus conclude on review that the statements of the defendant were facts rather than opinions. The jury was not incorrect in reaching this conclusion. Although this determination was properly for the trial court to make rather than the jury, we find harmless any error in submitting the issue for jury consideration.
The last point for discussion relates to the allegation and proof of special damages. Although we disagree with the trial court's characterization of the defamatory statements as slander per quod rather than slander per se, plaintiff made no objection to this determination and this issue is not before us. Before plaintiff may recover for slander per quod, she is required to prove special damages. The jury was instructed on compensatory damages and punitive damages and returned a verdict for $5,000 in compensatory damages and $5,000 in punitive damages. Having reviewed the evidence, we conclude that it was sufficient to support the award of $5,000 in compensatory damages. We, therefore, affirm as to the arguments on the damage award. We have considered all other points on appeal and find them without merit. We thus affirm the verdict and judgment.
AFFIRMED.
LETTS, C.J., and DELL, J., concur.
NOTES
[1] The issue of whether a public school teacher is a "public official" within the rule of New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), from the standpoint of an action for libel or slander has yet to be directly passed upon by a Florida court. Other jurisdictions have considered the question with varying results. See Basarich v. Rodeghero, 24 Ill. App.3d 889, 321 N.E.2d 739 (1974); Johnston v. Corinthian Television Corporation, 583 P.2d 1101 (Okl. 1978); Sewell v. Brookbank, 119 Ariz. 422, 581 P.2d 267 (1978); Schulze v. Coykendall, 218 Kan. 653, 545 P.2d 392 (1976); Hoover v. Jordan, 27 Colo. App. 515, 150 P. 333 (1915); Poe v. San Antonio Express-News Corp., 590 S.W.2d 537 (Tex.Civ. App. 1979); and Franklin v. Lodge 1108, Benevolent and Protective Order of Elks, 97 Cal. App.3d 915, 159 Cal. Rptr. 131 (1979). For related authorities see Libel and Slander: Who is a Public Official or Otherwise Within the Federal Constitutional Rule Requiring Public Officials to Show Actual Malice, 19 A.L.R.3d 1361.
[2] The particular statements were:

[T]he harassment my son has been receiving from this particular teacher, because of our investigation or inquiry as to his grades and why his grades are going down.
He has been harassed since then, he has been abused by her verbally, and his grades have been dropping.
My son is being victimized by these two teachers.
[A]nd the only thing he gets is an unqualified teacher, that's all he's got, and that's all the rest of the children in that class have  an unqualified teacher.