434 So.2d 342 (1983)
George P. RUSSELL, Appellant,
v.
Jeffrey K. SMITH, Appellee.
No. 82-1478.
District Court of Appeal of Florida, Second District.
July 15, 1983.
Elihu H. Berman of Krug, Berman & Silverman, Clearwater, for appellant.
Joseph M. Ciarciaglino, Jr. of Osborne & Ciarciaglino, St. Petersburg, for appellee.
LEHAN, Judge.
Defendant, George P. Russell, appeals from a jury verdict for compensatory and punitive damages in an action for defamation. We reverse.
Russell was arrested by plaintiff, Jeffrey K. Smith, a City of St. Petersburg Beach police officer, and charged with DWI. At the time of his arrest, Russell complained about the arrest procedures and Smith's conduct. Russell repeated those complaints to the traffic court judge when Russell pleaded nolo contendere in court. Both Smith and the judge suggested that Russell register a complaint with the chief of police.
Russell then wrote three letters detailing his complaints about Smith. Among other things, these letters accused Smith of being a sadist and a liar and of using unnecessary force. Copies of one or more of these letters were sent to the chief of police, the *343 traffic court judge, another judge who was a friend of Russell, Russell's attorney, and Smith. The statements made in the letters were the bases of Smith's suit against Russell for defamation.
At trial Russell requested that the court instruct the jury that Russell had a qualified privilege to criticize Smith because Smith was a police officer and was, therefore, a public official. Russell argued that a showing of actual malice on the part of Russell was necessary to overcome the qualified privilege and sustain a verdict for Smith. The trial court did not give the requested instruction but did instruct on the so-called "business privilege" or "common interest doctrine." The court instructed the jury to consider the defendant's claim that the statements were made by a person with an interest or duty in the subject matter to another person with an interest or duty in the subject matter and were, therefore, conditionally privileged. The jury returned a verdict for Smith, awarding $4,500 in compensatory damages and $5,500 in punitive damages.
Russell's first point on appeal is that the trial court erred in refusing to instruct the jury on the privilege that existed in Russell's favor because Smith, a police officer, was a public official. We agree. Florida case law has characterized a police officer as a public official "subject to fair comment and criticism from any member of the public... ." White v. Fletcher, 90 So.2d 129, 131 (Fla. 1956). See also Harrison v. Williams, 430 So.2d 585 (Fla. 4th DCA 1983). Thus to establish that he has been defamed, a police officer must show that the communication was made with malice or reckless disregard for the truth. See St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).
Smith argues that even if the trial court erred in not instructing the jury that communications about a police officer were qualifiedly privileged, the error was harmless. The privilege can be overcome by a finding of malice, and Smith argues that the award of damages despite the "business privilege" instruction and also the award of punitive damages show that the jury must have found that the communications were made with malice.
We cannot accept Smith's argument. To do so would require that we disregard constitutional safeguards of freedom of speech contained in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). "The abuse of a patrolman's office can have great potentiality for social harm; hence, public discussion and public criticism directed towards the performance of that office cannot constitutionally be inhibited by threat of prosecution under State libel laws." Coursey v. Greater Niles Township Publishing Corp., 40 Ill.2d 257, 239 N.E.2d 837, 841 (1968). The very fact that police officers perform functions so essential to the effective operation of our democratic form of government and are entitled to honor and respect also means that they must bear the burdens of their commissions, one of which is to be subject to certain criticism by members of the public.
In any event, whether or not basic constitutional rights are controlling, we think the failure to give the "public official" instruction should not be viewed as harmless error. To buttress his argument that failure to instruct on the "public official" privilege was harmless error, Smith cites Nodar v. Galbreath, 429 So.2d 715 (Fla. 4th DCA 1983). In Nodar, the jury awarded damages to plaintiff, a public school teacher, in her defamation action against the parent of one of her students. The parent appealed, claiming as error the trial court's failure to instruct on the "public official" privilege. The Fourth District found no harmful error, noting that the jury had been instructed on the "common interest" privilege and had found that privilege to exist, but had concluded that the statements were made with actual malice. However, we are not persuaded that Nodar represents principles which should control the case before us. The court in Nodar did not reach the "public official" issue which controls this case. Also, we are not convinced that the giving of the "common interest" *344 instruction to the jury in this case rendered harmless the failure to give the "public official" instruction requested by Russell. If the jury found no "common interest" to exist, the jury would not necessarily have considered the case in the same light as it would have if the "public official" instruction had been given. The "common interest" instruction left the jury free to consider the case as if no qualified privilege existed, whereas the "public official" instruction would have bound the jury to give consideration to a qualified privilege.
We by no means would condone unjustified and scurrilous accusations against police officers. However, we do not reach the question of whether the letters in this case fall into that category and are outside the bounds of what the Florida Supreme Court in White referred to as "fair comment and criticism," except to say that the trial court did not err in denying Russell's motion for a directed verdict on the ground of lack of evidence of malice. Our holding is simply that Russell was entitled to a jury instruction as to, and jury consideration of, the foregoing qualified privilege.
Russell's second point on appeal  that the trial court erred in failing to order a remittitur as to the amount of punitive damages awarded  is moot.
REVERSED AND REMANDED FOR NEW TRIAL.
HOBSON, A.C.J., and BOARDMAN, J., concur.