## CATALFANO v. FLORIDA CLEARINGHOUSE ON CRIMINAL JUSTICE and MACK
### No. CI80-1256
Ninth Judicial Circuit, Orange County
October 12, 1983

Steve Malone and George K. Rahdert, co-counsel, for defendant, Florida Clearinghouse.

Patrick Doherty, for defendant, David Mack.

Lawrence Solodky, for plaintiff.

LON S. CORNELIUS, JR., Circuit Judge.

THIS CAUSE having come on for trial and being heard on Defendants' Motion for Directed Verdict entered at the close of the Plaintiff's case, the court having heard argument of counsel, testimony of witnesses and evidence presented, having considered materials. filed in connection with the summary judgment herein, and being otherwise duly advised in the premises, it is thereupon

ORDERED and ADJUDGED that a verdict shall be directed against the Plaintiff, and in favor of the Defendants upon the following grounds

## PUBLIC FIGURE

The Court finds that Plaintiff, a parole hearing examiner, is a public official by virtue of his "substantial responsibility for or control over the conduct of governmental affairs," *Rosenblatt v. Baer*, 373 U.S. 75, 85 (1966); and his participation in law enforcement activities *Russell v. Smith*, 434 So.2d 342 (Fla. 2d DCA 1983).

In this regard the court also takes notice of the job description of Plaintiff which reads in part as follows:

### "PAROLE EXAMINER I

### DISTINGUISHING CHARACTERISTICS OF WORK

This is responsible administrative work in conducting invistigations, interviews, and hearings for the adult parole services program and providing the Parole and Probation Commission with the background and relative merits of various cases under consideration by the Commission.

An employee in a position allocated to this class is responsible for conducting parole, bond, mandatory conditional release, and work release interviews; and preliminary and special

investigations. Duties include analyzing and making recommendations to the Commission regarding information obtained from appropriate case files and interviews held with incarcerated individuals still under the Commission's jurisdiction, and legal counsel; visiting various adult correctional institutions and community correctional facilities in order to conduct interviews; interviewing inmates in county jails and making recommendations regarding parole cases to be decided by the Commission and pardon case to be presented by the Commission to the Pardon Board; representing the Commission in contact with parties appearing in behalf of or in reference to prisoners or parolees and, as necessary, preparing briefs of these interviews for Commission perusal; and preparing replies to correspondence received from public officials and members of the general public regarding specific cases which are within the Commission's jurisdiction.

Work is performed under the general supervision of a higher level parole examiner and is reviewed through conferences and reports for the achievement of desired results.''

## OPINION

The article complained of listed the Plaintiff under the headline ''MOST ABUSIVE HEARING EXAMINERS'' is conjunction with an article identifying his rate of aggravation of presumptive parole release dates during the time interval in question at 69.5 percent.

On these facts, the Court finds that the publication in question is a statement of pure opinion and ''under the First Amendment there is no such thing as a false idea.'' *Gertz v. Robert Welch, Inc.* 418 U.S. 323, 339 (1974). The article is pure opinion because it reveals the factual basis, i.e. the aggravation rate, upon which the opinion is based. *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 56 (Fla. 1st DCA 1981). In prior case law the Delaware Supreme Court has found use of the term ''abuse'' as an expression of opinion. *Slawik v. News-Journal Co.* A. 2d 15 (Del. 1981).

## MALICE

Of course, under the opinion doctrine there can he no recovery on a suit for libel, regardless of the Defendants' motives. Under the public figure doctrine, the Plaintiff bears a burden by clear and convincing evidence of proving ''actual malice, that is, with knowledge that it was false, or with reckless disregard of whether it was false or not.'' *New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964). Proof of such

malice entails a showing of specific intent on the part of the Defendants *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

Moreover, the article in question comments on a matter of public interest and constitutes fair comment, thus adding the burden of proving common law malice, entailing ill will or hatred.

The Plaintiff's evidence presented at trial does not support either burden. While it was established that the Defendants often stand as political watchdogs and critics of the parole system, such activity does not give rise to an inference of malice, which can only be proven by specific evidence in the character of state of mind evidence. See *Amant v. Thompson*, supra.

It is therefore adjudged that plaintiff take nothing by this action and that defendants go hence without day. Costs may be taxed upon separate motion.