456 So.2d 462 (1984)
Jeffrey K. SMITH, Petitioner,
v.
George P. RUSSELL, Respondent.
No. 64086.
Supreme Court of Florida.
September 13, 1984.
*463 Joseph M. Ciarciaglino, Jr. and Robert L. Paver of Osborne & Ciarciaglino, St. Petersburg, for petitioner
Elihu H. Berman of Krug, Berman & Silverman, Clearwater, for respondent
Parker D. Thomson, Sanford L. Bohrer and Gary B. Pruitt of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, and Richard J. Ovelmen, General Counsel, Miami, amicus curiae for The Miami Herald Publishing Company.
SHAW, Justice.
This cause, Russell v. Smith, 434 So.2d 342 (Fla. 2d DCA 1983), is before us as conflicting with other decisions of the district courts of appeal. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Respondent Russell, the defendant, was arrested for driving while intoxicated (DWI) by petitioner/plaintiff Smith, a City of St. Petersburg police officer. At the time of his arrest and later to the judge when he pleaded nolo contendere to the DWI charge, the defendant complained about the arrest procedure and the plaintiff's use of unnecessary force. Both the judge and the plaintiff suggested to the defendant that he register a complaint with the chief of police.
The defendant wrote three letters detailing his complaints about the plaintiff, one or more of which were sent to the police chief, the traffic court judge, the plaintiff, defendant's attorney, and Judge Shingler, a friend of the defendant. The plaintiff subsequently was passed over for promotion and sued the defendant for defamation.
At trial the defendant requested jury instructions that the plaintiff, as a police officer, was a public official as a matter of law, and that criticism of a public official relating to his official conduct was actionable only upon a showing of actual malice under New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). The trial court refused, but did instruct the jury to consider the applicability of a privilege under the common interest doctrine (the conditional privilege enjoyed by one with an interest or duty regarding the subject matter to comment to another with a corresponding interest or duty). See, e.g., Lewis v. Evans, 406 So.2d 489 (Fla. 2d DCA 1981); Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DCA 1978). The jury found for the plaintiff, awarding compensatory and punitive damages.
The defendant appealed, claiming the trial court erred in refusing to instruct the jury on the qualified privilege to criticize a public official. The district court reversed on the basis that a policeman is a public official who in order to recover for defamation must establish that a defamatory communication about him was made with actual malice or reckless disregard for the truth.
The plaintiff argues that refusal to instruct on the public official privilege was harmless error in that a finding of malice was implicit in the jury's punitive damage award; thus, even had the public official instruction been given, the jury's finding of malice would have defeated the privilege. The district court disagreed, finding that "[t]he `common interest' instruction left the jury free to consider the case as if no qualified privilege existed, whereas the `public official' instruction would have bound the jury to give consideration to a qualified privilege." Smith, 434 So.2d at 344. We approve the district court's decision. A police officer qualifies as a public *464 official as defined in Rosenblatt v. Baer, 383 U.S. 75, 85-86, 86 S.Ct. 669, 675-676, 15 L.Ed.2d 597 (1966):
Criticism of those responsible for government operations must be free, lest criticism of government itself be penalized. It is clear, therefore, that the "public official" designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs.
... Where a position in government has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and performance all government employees, ... the New York Times malice standards apply. (Footnotes omitted.)
The plaintiff is a highly visible representative of government authority who has power over citizens and broad discretion in the exercise of that power. There are probably no public employees more recognizable than armed uniformed police officers. Most citizens are interested in the qualifications and performance of policemen beyond their general interest in the qualifications and performance of all government employees.
The refusal to give the requested instruction in this instance was not harmless error because the applicable New York Times standard allows public figures or public officials to recover for injury to reputation only upon clear and convincing proof of actual malice. See Bose Corp. v. Consumers Union of United States, Inc., ___ U.S. ___, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984); Gertz v. Robert Welch, Inc., 418 U.S. 323, 342, 94 S.Ct. 2997, 3008, 41 L.Ed.2d 789 (1974). Under the proper instruction to which the defendant was entitled, the jury might well have found that there was no showing of malice sufficient to overcome the privilege.
The decision under review is approved.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.