Lauriat, J.
The plaintiff, Daniel Lynch (“Lynch"), has brought this action for defamation (Counts I, II and III), and for intentional infliction of emotional distress (Counts IV, V and VI), against the defendants, News Group Boston, Inc. (“News Group Boston”), Alan Eisner (“Eisner”), and Howie Carr (“Carr”). Lynch alleges that he suffered damages as a result of the publication of an article by the defendant Carr, in which he was defamed, in the Boston Herald newspaper, which was owned by the defendant News Group Boston and edited by the defendant Eisner.
All parties have now filed cross-motions for summary judgment, pursuant to Mass.R.Civ.P. 56, on all counts of the plaintiffs Amended Complaint. For the following reasons, the motion for summaryjudgment of the defendant Eisner must be allowed; the motions for summary judgment of the defendants News Group Boston and Carr must be denied; and the motion for summary judgment of the plaintiff Lynch must also be denied.
BACKGROUND
For the purposes of this motion, the following facts are undisputed:
On February 14, 1990, a news column was published in the Boston Herald newspaper (“Herald”), which implied that Lynch had obtained his employment as a Massachusetts State Senate court officer in exchange for refusing to testify at a trial of two defendants for a murder which he had apparently witnessed. The column was written by the defendant Carr, an employee of the Herald, and was printed by the Herald’s publisher, defendantNews Group Boston. The defendant Eisner was at that time, and still is, Managing Editor of the Herald.
Lynch claims that he, the Senate court officer identified in the column,[1] is not the same person named Daniel Lynch who apparently witnessed the murder and refused to testify at trial. The defendants do not dispute this claim. Lynch also claims that he has suffered injury to his good name and reputation, pain and suffering, humiliation and mental anguish as a result of the column’s publication, and that in addition, in response to the column, his employer refused to allow him to perform his usual duties as court officer.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party . is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at. trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be *10 forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Defendants News Group Boston, Inc., and Howie Carr.
A. Defamation (Counts I and III).
Lynch has asserted claims of defamation against News Group Boston (Count I) and Carr (Count III). The defendants contend that summary judgment must enter in their favor on the defamation claims because Lynch was a “public official” at the time the allegedly defamatoiy column was published, and there is no evidence that the statements were made with actual malice. New York Times Co. v. Sullivan, 376 U.S. 254 (1964). When the facts bearing upon the plaintiffs status as either public official or public figure or private person are undisputed, the determination of the plaintiffs status is a question of law for the court. Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 862 (1975), citing Rosenblatt v. Baer, 383 U.S. 75, 88 (1966). The court concludes as a matter of law in this case that Lynch, who was a Senate court officer up to and including the date on which the allegedly defamatory column was published, was a private person and not a public official.[2]
The designation of public official applies to “those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs.” Rosenblatt v. Baer, 383 U.S. 75, 85 (1966). “Where a position in government has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and performance of all government employees,” then actual malice is required to make out a claim of defamation. Id. at 86.
As a Senate court officer, Lynch’s duties included:
[Njotifying senate officers on [sic] sessions, letting senators know of roll calls, making sure the galleries were quiet and that people respected the no camera and recording rules, controlling the lobby area outside, including telling lobbyists to stay behind a certain line in order that the senate and staff could gain entrance to the chamber, keeping the media at a certain distance from the senate chamber, answering the phone and patrolling corridors.
Deposition of Daniel Lynch (Lynch Depo.), attached as Ex. B to plaintiffs Memorandum in Opposition to Defendants' Motion (Opp. Memo.), at 45. Lynch completed a two-week “sensitivity course” as part of his training prior to beginning his employment. He was not authorized to carry a gun, baton or handcuffs, and was instructed to summon the Capitol Police in case the need arose to make an arrest. Affidavit of Joseph M. Foley, Opp. Memo. Ex. F, at paras. 5-6.
The cases cited by the defendants, which hold generally that law enforcement officers are public officials, are inapplicable here. Those cases, relying on the Rosenblatt standard, refer specifically to the unique role of police officers, who are charged with the responsibility of enforcing the general public laws, and who are authorized to use force in order to do so. One court has stated:
The plaintiff [police officer] is a highly visible representative of government authority who has power over citizens and broad discretion in the exercise of that power. There are probably no public employees more recognizable than armed uniformed police officers.
Smith v. Russell 456 So.2d 462, 464 (Fla. 1984). Another court has stated:
The cop on the beat is the member of the department who is most visible to the public. He possesses both the authority and the ability to exercise force. Misuse of his authority can result in significant deprivation of constitutional rights and personal freedoms, not to mention bodily injury and financial loss.
Coughlin v. Westinghouse Broadcasting and Cable, Inc., 603 F.Supp. 377, 386 (E.D. Pa. 1985), aff'd, 780 F.2d 340, 342 (3rd Cir. 1985), quoting Gray v. Udevitz, 656 F.2d 588, 591 (10th Cir. 1981); accord Roche v. Egan, 433 A.2d 757, 762 (Me. 1981) (“police detective . . . vested with substantial responsibility for the safety and welfare of the citizenry in areas impinging most directly and intimately on daily living”) ; Coursey v. Greater Niles Township Publishing Corp., 400 Ill.2d 257, 265 (1968).
None of the factors that have been held sufficient to find public official status in those cases are present here. Lynch is not charged with the duty of enforcing the public laws; he is not recognized as such; he has no authority to use force, nor does he carry a weapon; he is simply assigned to uphold the Senate rules of conduct within the Senate lobbies and corridors.
Nor does this case present any of the other factors upon which courts have relied in finding “public official” status, such as policy-making authority and increased access to the media. Rosenblatt v. Baer, 383 U.S. 75, 85 (1966); Kassel v. Gannett Co., Inc., 875 F.2d 935, 939-40 (1st Cir. 1989). The defendants incorrectly place great weight on the fact that Lynch’s duties bring him into contact with members of the public and members of the media. The fact that the media regularly cover senate proceedings, and that *11 Lynch may speak with them on a daily basis, does not mean that he has access to the media for purposes of balancing any injustices caused to him by the media; there is no indication, for example, that Lynch has the ability to call a press conference to voice his point of view.
The designation of public official “cannot be thought to include all public employees.” Hutchinson v. Proxmire, 443 U.S. 111, 119 n.8 (1979). Lynch is admittedly a public employee, but he is not a “public official” for purposes of a defamation claim. Accordingly, the defendants’ motion for summary judgment as to Counts I and III of the Amended Complaint must fail.
Lynch in turn contends that because he was a private person, and because the defendants were negligent as a matter of law, summary judgment must enter in his favor on Counts I and III of his Amended Complaint. The court disagrees. “Usually, ‘the question of negligence is one of fact for the jury.’ ” Irwin v. Ware, 392 Mass. 745, 764 (1984), quoting Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). The facts here are such that a “rational view of the evidence” could “warrant[ ] a finding” that the defendants were not negligent. Id. Therefore, the plaintiffs motion for summary judgment on Counts I and III must be denied.
B. Intentional Infliction of Emotional Distress (Counts IV and VI).
Lynch has also asserted claims of intentional infliction of emotional distress against News Group Boston (Count IV) and Carr (Count VI). The defendants contend that summary judgment must enter in their favor in these counts because the plaintiff has failed, as a matter of law, to satisfy all of the elements required to make out such a claim. The court disagrees.
“[0]ne who, by extreme and outrageous conduct and without privilege, causes severe emotional distress to another is subject to liability for such emotional distress even though no bodily harm may result." Agis v. Howard Johnson Co., 371 Mass. 140, 144 (1976). The court cannot conclude as a matter of law that the plaintiff has failed to make out a claim for intentional infliction of emotional distress.
Lynch contends that by identifying him publicly as a witness to this particular murder, the defendants may have placed his life in jeopardy. He also claims that he became extremely afraid as a result of the publication of the column; that he received hateful looks from members of his community in South Boston; that he frequently sought help by calling and meeting with his Alcoholics Anonymous counsellor, Curtis Lee (“Lee”); and that ultimately he sought treatment with a psychiatrist in February 1993. Lynch Depo., at 114-33; Affidavit of Daniel Lynch, Opp. Memo.. Ex. E, at paras. 4-8. His friends and co-workers noticed a change in his personality during this time. Deposition of Joseph M. Foley, Opp. Memo., Ex. D, at 33-35 (Lynch seemed nervous, uncomfortable); Deposition of Dennis Lynch, Opp. Memo., Ex. Q, at 27 (Lynch seemed angry, scared). All of these averments raise a genuine issue of fact as to whether the defendants’ conduct was extreme and outrageous, and whether Lynch suffered severe emotional distress as a result. The defendants’ motion for summary judgment as to Counts IV and VI of the Amended Complaint must therefore be denied.
Lynch contends that he is entitled to summary judgment on the issue of intentional infliction of emotional distress. For the same reasons set forth above, the Court cannot conclude, as a matter of law, that Lynch has satisfied every element of a claim for intentional infliction of emotional distress. The questions of whether the defendants’ conduct was extreme and outrageous, and whether Lynch has suffered severe emotional distress, are questions best left for a jury to decide. Lynch’s motion for summary judgment as to Counts IV and VI must therefore be denied.
II. Defendant Alan Eisner.
Lynch has also asserted claims of defamation (Count II) and intentional infliction of emotional distress (Count V) against the defendant Eisner. As an employee of the Herald, and a co-employee of Carr’s, Eisner is not vicariously liable for the torts of either News Group Boston or Carr. In order to maintain these claims, Lynch must show that Eisner participated directly in the allegedly wrongful activity. Eisner has successfully demonstrated that proof of his actual involvement in the publication of the allegedly defamatory column is “unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Moreover, Lynch has failed to “allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Accordingly, Lynch has failed to meet his burden in opposing summary judgment on these claims, and the defendant Eisner’s motion for summary judgment on Counts II and V must be allowed.
Finally, since Eisner’s motion for summary judgment must be allowed as to Counts II and V of the Amended Complaint for the reasons discussed above, Lynch’s motion for summary judgment on Counts II and V of the Amended Complaint must be denied.
ORDER
For the foregoing reasons, the defendants’ notion for summary judgment as to Counts I and IV (defendant News Group Boston, Inc.) and Counts III and VI (defendant Howie Carr) of the Amended Complaint is hereby DENIED, the defendants’ motion for summary judgment as to Counts II and V of the Amended Complaint (defendant Alan Eisner) is hereby ALLOWED, and the plaintiffs motion for summary judg *12 ment as to all counts of the Amended Complaint is hereby DENIED.

 Lynch was promoted to the position of staff assistant to the Senate clerk in January 1992.

 The court must look to the plaintiffs status at the time of the publication of the allegedly defamatory column. See Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 865 (1975).