Bilbrey, J.
Appellant is the father and Appellee the mother of a minor child. Appellant filed a petition for injunction for protection *794 against domestic violence on behalf of the child against Appellee as respondent. See § 741.30, Fla. Stat. A temporary injunction was entered but then dismissed, and entry of a permanent injunction was denied, based on the court's finding insufficient evidence to support entry of a permanent injunction. Following the dismissal, the trial court awarded Appellee $500.00 attorney's fees based her amended motion for fees brought pursuant to section 57.105, Florida Statutes. Appellant challenges that award in this appeal.
Section 741.30(1)(g), Florida Statutes, prohibits an award of attorney's fees "in any proceeding under this section." Appellant argues that the fee awarded to Appellee was prohibited by that statute. Appellee responds that the action brought by Appellant was governed by section 784.046, Florida Statutes, dealing with repeat violence and not section 741.30 dealing with domestic violence because Appellant filed his petition for injunction on behalf of his minor child regarding threats or acts of violence which Appellant alleged occurred while the child resided with Appellee. Appellee correctly notes that section 784.046 does not contain the same prohibition on attorney's fees as section 741.30. In Lopez v. Hall , 233 So.3d 451 (Fla. 2018), the Florida Supreme Court approved our earlier holding that an award of attorney's fees under section 57.105, is permissible in actions for dating, repeat, and sexual violence injunctions brought under section 784.046.
However, the fact that Appellant filed his petition on behalf of the minor child, rather than on his own behalf, did not establish the action as one for repeat violence under section 784.046. An adult parent has standing to petition for an injunction against domestic violence on behalf of his or her child where the violence is alleged to occur in the other parent's household. G.C. v. R.S. , 71 So.3d 164, 166 (Fla. 1st DCA 2011) (holding that a former spouse has standing to seek injunction against domestic violence against the other former spouse on behalf of parties' children). The fact that these parents were never married does not deprive Appellant of his standing to seek protection from domestic violence on behalf of his child under section 741.30(1)(e).
The petition and orders in the trial court were standard Florida Supreme Court approved family law forms which consistently referred to domestic violence, not repeat violence. The record plainly shows that the parties and the trial court proceeded under section 741.30, and the award of attorney's fees was thus prohibited. The order on appeal is therefore
REVERSED .
Wolf, J., concurs, Kelsey, J., concurs in result.