PER CURIAM.
Appellant challenges the final judgment of injunction for protection against domestic violence entered against him and in favor of Appellee, on behalf of the parties' minor child, K.C. The sole ground Appellant raises for reversal is that the trial court "misconstrued" the meaning of section 784.046(4)(a)1., Florida Statutes (2017), and "essentially rewrote [this statute] to justify granting the permanent injunction." We affirm.
Appellant and Appellee are former spouses and the parents of K.C. Appellee filed a petition for injunction for protection against domestic violence on behalf of K.C., alleging that Appellant had committed or threatened to commit acts of domestic violence and, specifically, had committed repeated acts of sexual battery upon K.C. The trial court first issued a temporary injunction without notice and thereafter, following a lengthy evidentiary final hearing at which the minor child, a case coordinator from the Brevard County Child Protection Team ("CPT"), and a crisis intervention counselor, among others, testified, issued the final judgment of injunction now under review.
Appellant argues that under section 784.046(4)(a)1., which provides for an injunction for incidents of repeat violence, sexual violence, or dating violence, in order for a parent on behalf of a minor child living at home to obtain an injunction against the other parent, he or she must either "[h]ave been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis upon which relief is sought." Appellant submits that Appellee failed to establish any of these statutory requirements to justify the entry of the injunction as she did not testify to being a witness to the alleged sexual battery and presented no direct physical evidence of, or affidavits from any eyewitnesses to, the alleged sexual abuse.
Appellee responds that the minor victim testified in person at the final hearing and *1186 thus is clearly an eyewitness to the sexual battery committed upon her by Appellant. Appellee posits that if both a minor victim and the offending parent testified to the sexual battery, under Appellant's interpretation of the statute, this would still be legally insufficient for injunctive relief under section 784.046, absent additional testimony from the petitioning parent or a third person who actually witnessed the sexual battery or some direct physical evidence of the battery. Appellee argues that construing this statute so that a minor child's in-court testimony to being the victim of a sexual battery by a parent, without more, can never be sufficient evidence for the issuance of an injunction for protection is both unreasonable and absurd. See State v. Atkinson , 831 So.2d 172, 174 (Fla. 2002) ("A basic tenet of statutory construction compels a court to interpret a statute so as to avoid a construction that would result in unreasonable, harsh, or absurd consequences." (citing Thompson v. State , 695 So.2d 691, 693 (Fla. 1997) ; State v. Hamilton , 660 So.2d 1038, 1045 (Fla. 1995) ) ).
Although a minor child's in-court testimony of acts of sexual battery committed upon him or her by a parent would seemingly qualify as sufficient eyewitness evidence under section 784.046(4)(a)1., we find it unnecessary to reach this specific question because Appellee did not seek injunctive relief under this statute. Rather, Appellee petitioned for an injunction for protection against domestic violence under section 741.30, Florida Statutes (2017), and both the temporary injunction and the final judgment of injunction were issued under this statute. Section 741.30 created a cause of action for an injunction for protection against "domestic violence," and sexual battery is one of the offenses specifically described in the statutory definition of domestic violence. See § 741.28(2), Fla. Stat. (2017). Moreover, an adult parent has standing to petition for an injunction for protection against domestic violence against a former spouse on behalf of his or her minor child. G.C. v. R.S. , 71 So.3d 164, 166 (Fla. 1st DCA 2011) ; accord Sager v. Holgren , 250 So.3d 793, 794 (Fla. 1st DCA 2018) ("An adult parent has standing to petition for an injunction against domestic violence on behalf of his or her child where the violence is alleged to occur in the other parent's household." (citing G.C. , 71 So.3d at 166 ) ). Notably, section 741.30 does not contain the evidentiary requirements present in section 784.046(4)(a)1., that the petitioner must be an eyewitness, provide direct physical evidence, or provide an eyewitness affidavit to the sexual battery, to obtain an injunction for protection.
It is unclear why the parties proceeded under the assumption that this was a case brought under section 784.046, when the petition filed and the orders entered were standard Florida Supreme Court approved family law forms that consistently referred to "domestic violence" and section 741.30. Inasmuch as Appellant has not challenged the admissibility or sufficiency of the minor child's direct testimony of sexual battery or, for that matter, the testimony from the CPT case coordinator and the crisis intervention counselor, which collectively support the trial court's conclusion that a sexual battery was committed by Appellant upon the minor child, the final judgment of injunction for protection against domestic violence entered in favor of Appellee, on behalf of the minor child, K.C., is affirmed.
AFFIRMED.
ORFINGER, BERGER, and LAMBERT, JJ., concur.