# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-259
Lower Tribunal No. 17-21552
_____


**Donovan Paul Hussey,**
Appellant,

vs.

**Tatiana L. Lara, o/b/o J.H.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Michaelle Gonzalez-Paulson, Judge.

Greg Rosenfeld (West Palm Beach), for appellant.

No Appearance for appellee.

Before SALTER, SCALES and MILLER, JJ.

SALTER, J.

Donovan Paul Hussey appeals a final judgment of injunction for protection against sexual violence under section 784.046, Florida Statutes (2017).  Mr. Hussey

is the brother-in-law of the appellee, Tatiana L. Lara. Mr. Hussey is the paternal uncle, and Ms. Lara is the mother, of the alleged victim, J.H., age nine at the time of an alleged incident. Ms. Lara, who is not an attorney, represented herself in the proceedings below and has not filed a brief or other response to Mr. Hussey's brief in the appeal.

Ms. Lara did not witness the alleged acts, which were claimed to have occurred in Palm Beach County while the child was staying with her father's sister (Mr. Hussey's wife) and Mr. Hussey in the aftermath of Hurricane Irma. Ms. Lara and J.H. lived in Miami-Dade County.

At the hearing on Ms. Lara's petition, Ms. Lara was the only witness. The child did not testify and there was no attempt to introduce any out-of-court statement from her under section 90.803(23), Florida Statutes (2017), as an alleged child victim. The trial court sustained hearsay objections to any testimony by Ms. Lara about what J.H. allegedly told her. Mr. Hussey's attorney advised the Court that Ms. Lara had made a criminal report regarding the alleged incident to the police and State Attorney's Office in Palm Beach County, and he invoked his client's Fifth Amendment right not to testify.

At the conclusion of the hearing, the trial court entered a permanent restraining order, indefinite in duration, finding Ms. Lara credible in her effort to protect her child. This appeal followed.

2

Analysis

We are constrained to reverse the final order because there was insufficient admissible evidence to support it. To support granting an injunction under section 784.046, Florida Statutes, a petitioner must prove the statutory elements by competent, substantial evidence. Schutt v. Alfred, 130 So. 3d 772, 774 (Fla. 3d DCA 2014). The "evidentiary requirements present in section 784.046(4)(a)1. [state] that the petitioner must be an eyewitness, provide direct physical evidence, or provide an eyewitness affidavit to the sexual battery, to obtain an injunction for protection." Caldwell v. Caldwell, 257 So. 3d 1184, 1186 (Fla. 5th DCA 2018). In this case, Ms. Lara did not present any such evidence.

In reaching this result, and taking care to express no opinion regarding the allegations or merits of Ms. Lara's claims on behalf of her daughter, we comment briefly on the issue of access to counsel in cases like this one, heard daily in domestic violence divisions of the circuit court, and in the appeals from the rulings in those cases. The issues could hardly be more significant—the allegations, proceedings, and results substantially affect the long-term physical and emotional health of the parties and their families.

There are willing legal service groups and pro bono attorney volunteers willing to assist parties on either side of the trial court petitions or in any resulting appeals. Yet we continue to see unrepresented parties in such cases, and our Court

is not alone in that respect. <u>See</u> <u>Mitchell v. Brogden</u>, 249 So. 3d 781, 783 n. 2 (Fla. 1st DCA 2018) (Makar, J., dissenting) (noting the pitfalls encountered by self-represented, non-attorney litigants in protective injunction cases). We urge non-profit legal services providers, the Florida Commission on Access to Civil Justice, The Florida Bar, and our colleagues in the judiciary to do what they can to assure that pro se parties in these cases have been made aware of the opportunities for legal assistance even if they are unable to afford private counsel.

Reversed; final judgment of injunction vacated.