# Third District Court of Appeal

## State of Florida

Opinion filed April 16, 2025.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D23-2256
Lower Tribunal No. 23-19907

————————

**Yefri Castro**,
Appellant,

vs.

**Stephanie Gutierrez o/b/o Destiny Castro**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Zagerlaw, P.A., and Joseph Zager (Fort Lauderdale), for appellant.

Stephanie Gutierrez, in proper person.

Before LOGUE, C.J., and FERNANDEZ and GOODEN, JJ.

FERNANDEZ, J.

Yefri Castro ("the Father") appeals the trial court's order granting a Petition for Injunction for Protection Against Sexual Violence filed by Stephanie Gutierrez ("the Mother") on behalf of the parties' ten-year-old minor daughter, D.C. We reverse and remand the permanent injunction against the Father because the Mother failed to meet the requirements of section 784.046(4)(a)(1), Florida Statues (2023).

The Mother filed a Petition for Injunction for Protection Against Sexual Violence on behalf of D.C. against the Father. The Mother claims that D.C. verbally disclosed that she had been subjected to inappropriate sexual conduct by the Father. The Mother was not an eyewitness of the alleged abuse, presented no eyewitness testimony, and did not submit any physical evidence. The Father denied the allegations.

The trial court granted a permanent injunction for protection against sexual violence on behalf of D.C. against the Father. The Father filed a motion for rehearing, challenged the sufficiency of the evidence, and reasserted his hearsay objections. The motion was denied. The Father appealed.

"'The trial court's order granting a permanent injunction is reviewed for competent substantial evidence.' 'But the question of whether the evidence is legally sufficient to justify imposing an injunction is a question of law'

2

reviewed de novo." <u>Sutton v. Fowler</u>, 332 So. 3d 1001, 1004 (Fla. 4th DCA 2021) (internal citations omitted).

The Mother did not meet the statutory requirements to request a permanent injunction on behalf of D.C. against the Father pursuant to section 784.046(4)(a)(1), Florida Statutes (2023), which reads:

> With respect to a minor child who is living at home, the parent or guardian seeking the protective injunction on behalf of the minor child <u>must</u>: (1) Have been an <u>eyewitness</u> to or have <u>direct physical evidence</u> or <u>affidavits from eyewitnesses</u> of, the specific facts and circumstances that form the basis upon which relief is sought, if the party against whom the protective injunction is sought <u>is also a parent</u>, stepparent, or legal guardian of the minor child[.]

<u>Id.</u> (emphasis added).[1] The Mother was not an eyewitness, did not submit direct physical evidence, and did not file affidavits from eyewitnesses of the

---

[1] This subsection pertaining to a protective injunction brought against another parent is in contrast to a protective injunction sought against an unrelated third party pursuant to subsection 784.046(4)(a)(2), Florida Statutes (2023), provided as follows:

> With respect to a minor child who is living at home, the parent or guardian seeking the protective injunction on behalf of the minor child must: (2) Have <u>reasonable cause</u> to believe that the minor child is a victim of repeat violence, sexual violence, or dating violence to form the basis upon which relief is sought, if the party against whom the protective injunction is sought is <u>a person other than a parent</u>, stepparent, or legal guardian of the minor child.

<u>Id.</u> (emphasis added).

alleged abuse. See also Hussey v. Lara, 272 So. 3d 498, 500 (Fla. 3d  DCA 2019) ("The 'evidentiary requirements present in § 784.046(4)(a)(1) [state] that the petitioner must be an eyewitness, provide direct physical evidence, or provide an eyewitness affidavit to the sexual battery, to obtain an injunction for protection. In this case, [the Mother] did not present any such evidence." (internal citation omitted)).

The Mother argues that D.C.'s statements about the Father's alleged sexual abuse fall under the hearsay exception as a statement of a child victim. See § 90.803(23), Fla. Stat. (2023). On appeal, the Mother concedes: "[G]iven the Child's young age and the potential trauma of testifying about the abuse, the Child was unavailable as a witness. [ ] While such a finding was not explicitly made by the trial court, such a determination is consistent with Florida jurisprudence . . . ." (Emphasis added).

In order to qualify under the hearsay exception, the child must either testify, which D.C. did not, or the child "[i]s unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense." § 90.803(23), Fla. Stat. (2023). The statute specifies, "[u]navailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1)." Id. (emphasis

4

added). As the Mother conceded on appeal, such a finding was not made by the trial court and is fatal to the hearsay exception.

Additionally, even if the trial court were to have found that D.C. was unavailable as a witness, the statute still requires "corroborative evidence of the abuse or offense." Id. During the hearing, the Mother testified that "it was just verbally that [D.C] mentioned [the abuse]." When the trial court asked the Mother, "[d]o you have any other evidence or anything else that you want to tell the Court in relation to [D.C]?" The Mother responded, "that's all I have." The Second District in In re A.B., 186 So. 3d 544 (Fla. 2d DCA 2015), found that the Mother's testimony, which was based on the child's hearsay statements, did not qualify as corroborative evidence:

> But while [the child] might arguably have been unavailable due to the "substantial likelihood of severe emotional or mental harm" that would arise from having her testify, § 90.803(23)(a)(2)(b), there was no corroborative evidence to satisfy the second requirement. At the time the court heard the first motion for judgment of acquittal, the only evidence before the court . . . was the testimony of the Mother, comprised entirely of hearsay statements from [the child] that likewise would have required corroboration to be admissible. Because there was no corroborative evidence of the alleged abuse, the dictates of section 90.803(23) were not satisfied[.]

Id. at 549 (emphasis added). As In re A.B., D.C.'s statements of the alleged abuse did not qualify under a statement of a child victim hearsay exception. See also Id. at 550 ("[T]he trial court in this case granted the injunction solely

on the basis of A.B.'s hearsay statements, made to both the Mother and the forensic interviewer. Because the Mother was not a witness to the alleged acts and failed to introduce physical evidence or affidavits from eyewitnesses to the alleged acts, she failed to meet the requirements of section 784.046(4)(a)(1) for the grant of an injunction against the Father. Accordingly, the trial court erred by granting the injunction on this basis.")

For the reasons stated, we reverse and remand the permanent injunction against the Father because the Mother failed to meet the requirements of section 784.046(4)(a)(1), Florida Statues (2023).

Reversed and remanded.

6