# Third District Court of Appeal

## State of Florida

Opinion filed August 20, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-899
Lower Tribunal No. 23-18976-FC-04
_____


**Yaidel Alfonso,**
Appellant,

vs.

**Zenilda Hierrezuelo, o/b/o Z.A.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Fusté Law P.A., and Luis M. Fusté, for appellant.

Grace M. Casas-Rowe, for appellee.


Before SCALES, C.J., and MILLER and LOBREE, JJ.

LOBREE, J.

The father, Yaidel Alfonso, appeals a final judgment of injunction for

protection against domestic violence without minor children under section 741.30, Florida Statutes (2023). Because the injunction was entered in derogation of the father's right to due process, we reverse.

The mother, Zenilda Hierrezuelo, on behalf of the parties' minor child, Z.A., filed a petition for injunction for protection against sexual violence against the father. The allegation of sexual violence in the petition was based on statements made to the mother by Z.A. Mirroring section 784.046(2)(c)1., Florida Statutes (2023),[1] the petition required the mother to state if the claimed sexual violence had been reported to a law enforcement agency. The petition also stated that "[p]ursuant to section 784.046(3)(b), Florida Statutes," no filing fee was assessed by the clerk of courts. Based on the mother's sworn petition, the trial court issued a temporary injunction for protection against sexual violence under section 784.046. This temporary injunction was extended multiple times, each time under section

---

[1] Section 784.046, Florida Statutes, "created a separate cause of action for an injunction for protection in cases of sexual violence." § 784.046(2), Fla. Stat. (2023). This statute also defines "sexual violence" within the meaning of that cause of action: "As used in this section, the term . . . 'Sexual violence' means any one incident of: . . . 2. A lewd or lascivious act, as defined in chapter 800, committed upon or in the presence of a person younger than 16 years of age; . . . or 5. Any other forcible felony wherein a sexual act is committed or attempted, regardless of whether criminal charges based on the incident were filed, reduced, or dismissed by the state attorney." § 784.046(1)(c), Fla. Stat. (2023).

784.046. The notices of the final evidentiary hearing all reflected that the matter set for hearing was the "[t]he Petition for Injunction for Protection Against Sexual Violence under section 784.046, Florida Statutes."

Before the final hearing, the father moved to vacate the temporary injunction, arguing that the petition failed to meet the statutory requirements of section 784.046(4)(a)1., Florida Statutes. Specifically, he asserted that because he was Z.A.'s parent, section 784.046(4)(a)1. required the mother to "[h]ave been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis upon which relief is sought." At the start of the final hearing, the trial court heard argument on the father's motion to vacate and the mother's motion for admission of statements of child abuse or neglect under section 90.803(23), Florida Statutes (2024). The trial court recognized that "the child hearsay, if I were to allow it, would be the sole evidence in this case as in many of these cases." Upon the father's initial hearsay objection during the evidentiary hearing, the trial court allowed the child hearsay testimony. At the end of the hearing, the trial court found just cause to enter a permanent injunction on behalf of Z.A. against her father. Ultimately, the trial court entered a final judgment of injunction for protection against domestic violence without minor children under section 741.30, Florida

3

Statutes.[2]

We reverse the final judgment of injunction for protection against domestic violence under section 741.30, as it was entered in violation of the father's right to procedural due process. The only matter noticed for a final hearing was the mother's petition for a protective injunction under section 784.046. Indeed, the mother filed a petition for an injunction for protection against sexual violence under section 784.046, and a temporary injunction was entered under that statute. All extensions of the temporary injunction and notices of hearing were issued under 784.046. Consistent with these orders and notices, the father argued at the final evidentiary hearing that the mother's petition failed to meet the statutory requirements of section 784.046(4)(a)1., which apply when a parent seeks a protective injunction on behalf of a minor child who is living at home and the party against whom the injunction is sought is also a parent.[3] Yet rather than adjudicate the mother's

---

[2] Section 741.30, Florida Statutes, provides for a cause of action for an injunction for protection against domestic violence. § 741.30(1), Fla. Stat. (2023). Under section 741.30, "domestic violence," as defined in section 741.28, Florida Statutes (2023), "means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member."

[3] Section 784.046(4)(a)1. states as follows:

petition for an injunction as pleaded under the sexual violence statute, section 784.046, the trial court adjudicated the mother's petition and entered a permanent injunction under the statute providing for an injunction against domestic violence, section 741.30, Florida. Here, the distinction matters because the two statutes contain <u>different evidentiary demands for the petitioner</u>. "Notably, section 741.30 does not contain the evidentiary requirements present in section 784.046(4)(a)1., that the petitioner must be an eyewitness, provide direct physical evidence, or provide an eyewitness affidavit" to the facts and circumstances forming the basis on which the injunction is sought. <u>Caldwell v. Caldwell</u>, 257 So. 3d 1184, 1186 (Fla. 5th DCA 2018). "The purpose of pleadings is to present, define, and narrow the issues, and to form the foundation of, and to limit, <u>the proof to be submitted</u>

---

(4)(a) The sworn petition shall allege the incidents of repeat violence, sexual violence, or dating violence and shall include the specific facts and circumstances that form the basis upon which relief is sought. With respect to a minor child who is living at home, the parent or legal guardian seeking the protective injunction on behalf of the minor child must:

1. Have been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis upon which relief is sought, *if the party against whom the protective injunction is sought is also a parent, stepparent, or legal guardian of the minor child[.]*

(emphasis added).

on the trial." Brooks v. Basdeo, 336 So. 3d 423, 424 (Fla. 5th DCA 2022) (emphasis added) (quoting White v. Fletcher, 90 So. 2d 129, 131 (Fla. 1956)).

In granting the mother "relief [under section 741.30] which was neither requested by appropriate pleadings, nor tried by consent, the trial court entered the order in violation of [the father's] due process rights." Brickell Station Towers, Inc. v. JDC (Am.) Corp., 549 So. 2d 203, 203 (Fla. 3d DCA 1989); Carroll & Assocs., P.A. v. Galindo, 864 So. 2d 24, 29 (Fla. 3d DCA 2003) ("To allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights."); see also, e.g., M.M.W. v. J.W., 374 So. 3d 58, 66 (Fla. 3d DCA 2022) (concluding "that terminating parental rights solely on a statutory ground not pled in the petition constitutes a denial of due process" and collecting cases); Guardian ad Litem v. S.P., 50 Fla. L. Weekly D1248, D1249-50 (Fla. 5th DCA June 5, 2025). As such, we conclude that the final judgment of injunction against domestic violence entered against the father constitutes fundamental error. See Pena v. Rodriguez, 273 So. 3d 237, 241 (Fla. 3d DCA 2019) (stating that denial of due process constitutes fundamental error).[4] Accordingly, we conclude that

---

[4] Because this conclusion is dispositive of the father's challenge to the final judgment of injunction, we do not reach his additional arguments that the trial court erred in admitting Z.A.'s hearsay statements under section

the father was denied due process by the trial court's adjudication of a protective injunction against domestic violence under section 741.30, and reverse and remand with instructions to vacate the final judgment of injunction for protection against domestic violence entered against the father.

Reversed and remanded with instructions.

---

90.803(23)(a)2.b. and that the mother's evidence failed to meet the statutory requirements of an injunction for protection against sexual violence on behalf of the parties' minor child under section 784.046(4)(a)1.